THE STATE EX REL. BEELER, APPELLANT, *v.* RCA RUBBER COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Beeler v. RCA Rubber Co.* (1994), 70 Ohio St.3d 566.]

(No. 93–1572—Submitted August 17, 1994—Decided October 19, 1994.)

---

*William B. Nye* and *George D. Mallo,* for appellant.

*Lee Fisher,* Attorney General, *Michael O'Grady* and *Diane M. Meftah,* Assistant Attorneys General, for appellee.

*Per Curiam.* Claimant demands temporary total disability compensation from May 14, 1985 through July 1, 1987 on two grounds: (1) the order of the common pleas court, and (2) a lack of evidence supporting the denials of compensation by the regional board and staff hearing officers. For the reasons to follow, the cause is returned to the commission for clarification and an amended order.

Claimant initially argues that the order of the common pleas court mandated payment, and that therefore compensation should have been paid, regardless of the appellate court's reversal, pursuant to R.C. 4123.519(F) and (G). We disagree. Had the lower court indeed intended payment pursuant to the earlier order of the district hearing officer, it would not have remanded the cause for further commission proceedings.

Claimant alternatively challenges the evidentiary sufficiency of the orders denying him temporary total disability compensation. Finding our review hampered by vagueness in the commission's orders, we return the cause to the commission for clarification and amended order. In affirming the board's order without comment, the staff hearing officers on April 19, 1988 inherently adopted the board's reasoning. *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174. With the vacation of the supplemental staff hearing officers' order and the silence of the commission on temporary total compensation over the relevant period, we view the April 19, 1988 staff hearing officers' order as the definitive commission order on that issue.

Preliminarily, we find that the board's lack of citation to specific medical evidence relied on does not, as claimant alleges, violate *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. As the appellate court aptly observed, the board could not "have specified the medical evidence relied upon when it was [its] finding that there was insufficient evidence to support the payment of temporary total disability compensation." An order cannot identify the evidence "relied on" when the finding is based on a lack of evidence on which to rely.

Analysis of the board's and staff hearing officers' denials is, however, hindered by the vague reasoning stated therein—"medical in file does not support payment of compensation."

The difficulty with the board's—and vicariously, the staff hearing officers'—reasoning is its susceptibility to different interpretations, which stems from the board's failure to identify which prerequisite to temporary total compensation was not supported by the medical evidence. Dr. Taylor, for example, refers to claimant's condition as a "permanent problem." The board may, therefore, have interpreted the evidence as failing to support the prerequisite of "temporariness." It is also possible that the board concluded that work amenability was the unsubstantiated element since, at least at the time of the board's order, none of the evidence addressed claimant's ability to perform his former duties.

This lack of clarity makes it impossible to evaluate the evidentiary adequacy of the staff hearing officers' order. Unlike the board, staff hearing officers had Dr. Wikas's interrogatories, which could affect the validity of the board's reasoning, inherently adopted by the staff hearing officers in their April 19, 1988 order. For

example, if the rationale was permanency, the interrogatories would not undermine that rationale, since Wikas is silent on this element. On the other hand, if the board denied temporary total because no evidence addressed claimant's ability to work, the staff hearing officers' adoption of that reasoning is suspect, since Wikas expressly discussed that issue. Clarification of the orders' underlying rationale is, therefore, critical.

For these reasons, the judgment of the appellate court is reversed and the cause is returned to the commission for clarification and an amended order.

*Judgment reversed*
*and cause returned.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.