THE STATE, EX REL. DeMINT, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO; CONSOLIDATED FREIGHTWAYS, APPELLANT.

[Cite as State, ex rel. DeMint, *v.* Indus. Comm. (1990),
49 Ohio St. 3d 19.]

(No. 88-1658—Submitted November 7, 1989—Decided February 14, 1990.)

*Chester T. Freeman Co., L.P.A.,*
and *William R. Polhamus,* for appellee.

*Porter, Wright, Morris & Arthur*
and *Darrell R. Shepard,* for appellant.

*Per Curiam.* State, *ex rel. Mitchell,*
v. *Robbins & Myers, Inc., supra,* requires that:

"* * * [D]istrict hearing officers,
as well as regional boards of review

and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." *Id.* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724.

*Mitchell's* purpose, as stated in *State, ex rel. Jeffrey,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 3, 5, 26 OBR 3, 4, 496 N.E. 2d 919, 921, is to ensure that:

"(1) the parties have some notice as to the reasons for the approval or denial of compensation, and (2) the courts do not have to search the record for 'some evidence' in support of the commission's determination and *assume* the commission, in fact, relied upon that evidence in reaching its decision." Counterbalancing these considerations, however, is the desire to avoid unnecessary and repetitive explanations. *State, ex rel. Frigidaire Division, General Motors Corp.,* v. *Indus. Comm.* (1988), 35 Ohio St. 3d 105, 518 N.E. 2d 1194.

The present district hearing officer's order satisfies *Mitchell* since it identifies Dr. Williams' report as that evidence relied on and explains why compensation was denied. On appeal, the regional board was presented with additional evidence. The board affirmed the district hearing officer's order but made no independent evidentiary findings, which raises the following question: Does the submission of additional evidence require a regional board to make independent evidentiary findings where the board affirms a district hearing officer's order that already satisfies *Mitchell?* We find that it does not.

*Mitchell* mandates citation of only that evidence *relied* on. It does not require enumeration of all evidence *considered.* As such, the submission of new evidence does not require separate *Mitchell* findings if the reviewer does not rely on that evidence. Where a regional board adopts the reasoning and decision of the district hearing officer and the district hearing officer's order satisfies *Mitchell,* we consider the regional board's order in compliance as well. Obviously, if the board relies on evidence not relied on below or affirms on a different basis, independent evidentiary findings are necessary. Neither situation, however, is present here.

Contrary to appellee's suggestion, we find no conflict between our decision today and our earlier holding in *State, ex rel. Ingold,* v. *Ormet Corp.* (1988), 39 Ohio St. 3d 353, 530 N.E. 2d 920. The *Mitchell* concern in *Ingold* is distinct from that currently at bar. Unlike here, *Ingold* did not involve an alleged denial of compensation with a satisfactory explanation; it involved an *unclear* explanation. The relevant order in *Ingold* was ambiguous, resulting in a remand to the commission for clarification. Here, there was no issue involving clarification of commission findings. The two cases are thus distinguishable.

Based on the foregoing, the judgment of the court of appeals is reversed and the writ of mandamus is denied.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.