THE STATE, EX REL. GENERAL AMERICAN TRANSPORTATION CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. General American Transp. Corp., *v.* Indus. Comm. (1990), 49 Ohio St. 3d 91.]

(No. 88-1774 — Submitted November 7, 1989 — Decided February 28, 1990.)

*Dennis C. Belli* and *David P. Rieser*, for appellant.

*Anthony J. Celebrezze, Jr.*, attorney general, *Susan E. Gurwin* and *Michael L. Squillace*, for appellee Industrial Commission.

*Timothy R. Hackett*, for appellee Graham.

*Per Curiam.* We are again asked to review the commission's order for "some evidence" supporting its award of temporary total disability compensation. For the following reasons, however, we find that evidentiary review cannot proceed at this time.

First, the commission failed to address the key question before it. Temporary-total-compensation eligibility is established where a claimant's allowed conditions cause a temporary disability that prevents a return to his former position of employment. *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. In the present case, all agree that claimant is unable to return to his former job. The key question is whether this inability is due to the claimant's allowed conditions or to his other medical problems.

The commission's order does not address this critical issue. It merely confirms that a work-prohibitive disability exists. Without a clear commission statement on causal relationship, evidentiary review is impossible.

Second, our review is limited to that evidence specifically *relied* on by the commission. *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1984), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721. Under *Mitchell*, the commission must "specifically state which evidence and only that evidence which has been relied upon to reach [its] conclusion * * *." *Id.* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724. Here, the commission appears to have listed all the evidence *considered*, instead of narrowing its citation to the evidence on which it relied. This conclusion is suggested by the order's language and by simple logic — the commission could not have relied on both Dr. Sparks and Dr. Urban in concluding that claimant was temporarily and totally disabled due to the allowed conditions. It is thus unclear which of the doctors' reports are properly before us.

On authority of *Mitchell* and *State, ex rel. Frigidaire Division, General Motors Corp.*, v. *Indus. Comm.* (1988), 35 Ohio St. 3d 105, 518 N.E. 2d 1194, the appellate judgment is hereby reversed and a limited writ of mandamus is allowed directing the commission to issue an amended order: (1) addressing the causal relationship issue, and (2) listing only that evidence relied on to reach its conclusion.

*Judgment reversed and limited writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.