OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court
of Ohio are being transmitted electronically beginning May
27, 1992, pursuant to a pilot project implemented by Chief
Justice Thomas J. Moyer.
Please call any errors to the attention of the
Reporter's Office of the Supreme Court of Ohio.
Attention:  Walter S. Kobalka, Reporter, or Deborah J.
Barrett, Administrative Assistant.  Tel.:  (614) 466-4961;
in Ohio 1-800-826-9010.  Your comments on this pilot
project are also welcome.
NOTE:  Corrections may be made by the Supreme Court
to the full texts of the opinions after they have been
released electronically to the public.  The reader is
therefore advised to check the bound volumes of Ohio St.3d
published by West Publishing Company for the final
versions of these opinions.  The advance sheets to Ohio
St.3d will also contain the volume and page numbers where
the opinions will be found in the bound volumes of the
Ohio Official Reports.

The State ex rel. Peabody Coal Company, Appellee, v.
Industrial Commission of Ohio; Middaugh, Appellant.
[Cite as State ex rel. Peabody Coal Co. v. Indus. Comm.
(1993),        Ohio St.3d      .]
Workers' compensation -- Industrial Commission abuses its
      discretion in awarding continued temporary total
      compensation when it fails to address the raised
      issues of whether allowed conditions had become
      permanent and whether claimant had resumed gainful
      employment.
      (No. 92-2158 -- Submitted April 20, 1993 -- Decided
July 14, 1993.)
      Appeal from the Court of Appeals for Franklin County,
No. 91AP-360.
      Claimant-appellant, Howard Middaugh, was injured in
the course of and arising from his employment with
appellee, Peabody Coal Company ("Peabody"), a self-insured
employer.  After his claim was allowed for "fracture left
arm (elbow)," claimant began receiving temporary total
disability compensation.  On November 16, 1988, Peabody
challenged claimant's continuing receipt of temporary
total disability compensation.  Peabody accompanied its
motion with the report of Dr. John F.M. O'Leary, who
opined that claimant had reached maximum medical
improvement.
      At a January 10, 1989 hearing before the Industrial
Commission, a district hearing officer held:
      "* * * [T]he employer's request to have the claimant
examined by an Industrial Commission Specialist is held in
abeyance at this time.
      "The claimant is presently scheduled to receive
living maintenance until 2-26-89.  If the claimant
requests Temporary Total after that date[,] refer the
claimant to MEDSP (medical specialist) for an exam on the
issue of extent of disability, then reset on that issue."
      No appeal was taken from this order.

On November 14, 1989, claimant moved the commission to recognize "left ulnar neuropathy" as part of his claim. He also sought reinstatement of temporary total compensation from the date of the last payment to continue into the future upon submission of medical proof. Among other evidence submitted in support was a C-84 supplemental physician's report from claimant's attending physician, Lawrence M. Lubbers, which certified claimant as temporarily and totally disabled through November 1, 1989 due to the neuropathic condition.

On January 22, 1990, a district hearing officer held:

"The claim is additionally allowed for: 'post-operative left ulnar neuropathy,' per the report of Dr. Lubbers.

"Temporary Total Compensation is awarded from 4-2-89 through 10-31-89 and to continue until the reset hearing.

"Claimant is referred to MEDSP (Medical Specialist) for an examination on the issues of extent of disability and permanent total impairment.

"Reset on extent of disability when the MEDSP report is on file."

Peabody appealed. Before the Regional Board of Review, Peabody submitted evidence alleging that claimant had worked while drawing temporary total compensation. The board's order, however, did not address these allegations and merely affirmed the January 22, 1990 district hearing officer's order "based on the Employer's appeal, evidence in the file and/or evidence adduced at the hearing." The commission refused further appeal.

Peabody filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission erred in awarding continued temporary total compensation. The appellate court agreed, finding that the commission abused its discretion by failing to address the issues of whether the allowed conditions had become permanent and whether claimant had resumed gainful employment. It vacated the commission's order and returned the cause to the commission for consideration of these issues, with further payment of compensation to be precluded until the claimant is examined by a specialist and a determination is made, after a hearing, of the extent of claimant's disability.

This cause is now before this court upon an appeal as of right.

Vorys, Sater, Seymour & Pease, Sarah J. Cruise and Julie M. Larson, for appellee Peabody Coal Company.

Robert B. Liss, for appellant.

Per Curiam. Among the reasons justifying termination of temporary total disability compensation are: (1) return to sustained gainful employment, or (2) claimant has a permanent disability, i.e., has reached maximum medical improvement. State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; Vulcan Materials Co. v. Indus. Comm. (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. During the administrative

proceedings in this case, claimant's entitlement to temporary total compensation was challenged on these two bases. None of the orders issued, however, addressed these matters. For the reasons set forth below, we return the cause to the commission for further consideration and a new order.

In State ex rel. Gen. Am. Transp. Corp. v. Indus. Comm. (1990), 49 Ohio St.3d 91, 551 N.E.2d 155, the claimant's inability to work was undisputed. Evidence also indicated that claimant suffered from severe health problems unrelated to his industrial injury. The commission found that claimant could not return to his former job and awarded temporary total compensation. However, because the commission had not addressed the causal relationship question that had been placed squarely before it, we remanded the cause for further consideration and an amended order, writing:

"* * * [A]ll agree that claimant is unable to return to his former job. The key question is whether this inability is due to the claimant's allowed conditions or to his other medical problems.

"The commission's order does not address this critical issue. It merely confirms that a work-prohibitive disability exists. Without a clear commission statement on causal relationship, evidentiary review is impossible." Id. at 92, 551 N.E.2d at 156-157.

Peabody placed the permanency question before the district hearing officer and the gainful employment allegation before the regional board of review, yet none of the ensuing orders discussed these allegations. Since an affirmative finding as to either precludes temporary total compensation, the appellate court correctly returned the cause to the commission for further consideration.

Claimant argues that the allowance of a new condition - left ulnar neuropathy - - relieved the commission from having to discuss the permanency question. Claimant reasons that with the additional allowance, Dr. O'Leary's report could not be "some evidence" of permanency since it addressed only claimant's initial condition. Claimant's evidentiary reasoning may be correct. However, the fact that there may be no evidence of permanency does not free the commission from having to make that finding in its order, given the facts of this case.

Claimant alternatively asserts that the district hearing officer did "address" the permanency issue when it referred claimant for a specialist examination. This contention fails. The district hearing officer's order does not reflect a determination of whether claimant had or had not reached maximum medical improvement. Without that determination, the hearing officer cannot be said to have "addressed" the issue. Mere referral for evaluation resolved nothing.

Claimant also suggests that the regional board's silence on the gainful employment issue indicates a rejection of that assertion. In support, claimant cites State ex rel. DeMint v. Indus. Comm. (1990), 49 Ohio St.3d 19, 550 N.E.2d 174, which held that the submission of new

evidence at the board level does not require separate evidentiary findings if the board chooses not to rely on that evidence.

At issue before the district hearing officer in DeMint was claimant's ability to return to his old job. Claimant appealed the district hearing officer's denial of temporary total compensation and presented additional medical evidence of his inability to work to the regional board of review. The board, however, affirmed the district hearing officer's order "based on the claimant's Appeal, evidence in the file and/or evidence adduced at the hearing," without mentioning the new evidence. Claimant attacked the board's order, and the court of appeals granted a limited writ of mandamus, holding that the board's failure to prepare separate evidentiary findings, in light of the new evidence, violated State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721.

We disagreed, noting that Mitchell required citation only of evidence relied on, not that which is merely considered. Accordingly, we held:

"[T]he submission of new evidence does not require separate Mitchell findings if the reviewer does not rely on that evidence. Where a regional board adopts the reasoning and decision of the district hearing officer and the district hearing officer's order satisfies Mitchell, we consider the regional board's order in compliance as well." DeMint, supra, 49 Ohio St.3d at 20, 550 N.E.2d at 176.

The present claimant suggests that the lack of citation to alleged gainful employment in the regional board's order indicates that the board considered, but did not rely on, that evidence. DeMint, however, is distinguishable from this case and thus cannot support claimant's position. As the court of appeals in the instant case, through its referee, aptly stated:

"* * * In DeMint, the regional board faced the same question decided by the district hearing officer, but with additional evidence presented. In the instant case, the additional evidence submitted to the board presented an issue that was not before the district hearing officer." (Emphasis added.)

When the regional board, without comment, simply affirmed the district hearing officer's order - - which was premised solely on the medical question of ability to return to the former position of employment - - it ignored another, separate question before it, i.e., whether the claimant had undertaken other sustained remunerative employment. Even where a claimant is medically unable to return to his former job, he cannot continue to receive temporary total compensation once he has accepted other sustained gainful employment. State ex rel. Nye v. Indus. Comm. (1986), 22 Ohio St.3d 75, 22 OBR 91, 488 N.E.2d 867; State ex rel. Johnson v. Rawac Plating Co. (1991), 61 Ohio St.3d 599, 575 N.E.2d 837. As the referee noted in his report to the court of appeals, the regional board may indeed have rejected as unpersuasive the allegation that

claimant had been working.  However, if it did, the order should have specifically so stated.  Without a specific finding on this second, distinct issue, the regional board's order cannot be evaluated to determine whether an abuse of discretion occurred.

Peabody claims that the award was improper for the additional reason that it contravened the January 10, 1989 order and, therefore, violated res judicata.  This assertion is premised on Peabody's belief that the January 10, 1989 order prohibited further temporary total compensation without prior examination and hearing.  This is incorrect.  While the order did indeed provide that claimant should be examined and a hearing held if claimant requested further temporary total compensation, the order did not expressly prohibit compensation payment in the interim.  While this may have been what the commission meant, it is not what it said.  As a result, we find that the January 22, 1990 order did not alter the earlier final order, and res judicata was not violated.  We also find that the appellate court erred in ordering the commission to stay the payment of all temporary total disability compensation to the claimant pending a commission medical examination.

Accordingly, we reverse that portion of the court of appeals' judgment which prohibits the payment of any temporary total disability compensation pending a commission medical evaluation.  The balance of the judgment is affirmed.

Judgment affirmed in part and reversed in part.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., not participating.