THE STATE EX REL. PEABODY COAL COMPANY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; MIDDAUGH, APPELLANT.

[Cite as *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639.]

(No. 92–2158—Submitted April 20, 1993—Decided July 14, 1993.)

640

*Vorys, Sater, Seymour & Pease, Sarah J. Cruise* and *Julie M. Larson,* for appellee Peabody Coal Company.

*Robert B. Liss,* for appellant.

*Per Curiam.* Among the reasons justifying termination of temporary total disability compensation are: (1) return to sustained gainful employment, or (2) claimant has a permanent disability, *i.e.,* has reached maximum medical improvement. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. During the administrative proceedings in this case, claimant's entitlement to temporary total compensation was challenged on these two bases. None of the orders issued, however, addressed these matters. For the reasons set forth below, we return the cause to the commission for further consideration and a new order.

In *State ex rel. Gen. Am. Transp. Corp. v. Indus. Comm.* (1990), 49 Ohio St.3d 91, 551 N.E.2d 155, the claimant's inability to work was undisputed. Evidence also indicated that claimant suffered from severe health problems unrelated to his industrial injury. The commission found that claimant could not return to his former job and awarded temporary total compensation. However, because the commission had not addressed the causal relationship question that had been placed squarely before it, we remanded the cause for further consideration and an amended order, writing:

" * * * [A]ll agree that claimant is unable to return to his former job. The key question is whether this inability is due to the claimant's allowed conditions or to his other medical problems.

"The commission's order does not address this critical issue. It merely confirms that a work-prohibitive disability exists. Without a clear commission statement on causal relationship, evidentiary review is impossible." *Id.* at 92, 551 N.E.2d at 156–157.

Peabody placed the permanency question before the district hearing officer and the gainful employment allegation before the regional board of review, yet none of the ensuing orders discussed these allegations. Since an affirmative finding as to either precludes temporary total compensation, the appellate court correctly returned the cause to the commission for further consideration.

Claimant argues that the allowance of a new condition—left ulnar neuropathy—relieved the commission from having to discuss the permanency question. Claimant reasons that with the additional allowance, Dr. O'Leary's report could not be "some evidence" of permanency since it addressed only claimant's initial condition. Claimant's evidentiary reasoning may be correct. However, the fact that there may be no evidence of permanency does not free the commission from having to make that finding in its order, given the facts of this case.

Claimant alternatively asserts that the district hearing officer did "address" the permanency issue when it referred claimant for a specialist examination. This contention fails. The district hearing officer's order does not reflect a determination of whether claimant had or had not reached maximum medical improvement. Without that determination, the hearing officer cannot be said to have "addressed" the issue. Mere referral for evaluation resolved nothing.

Claimant also suggests that the regional board's silence on the gainful employment issue indicates a rejection of that assertion. In support, claimant cites *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174, which held that the submission of new evidence at the board level does not require separate evidentiary findings if the board chooses not to rely on that evidence.

At issue before the district hearing officer in *DeMint* was claimant's ability to return to his old job. Claimant appealed the district hearing officer's denial of temporary total compensation and presented additional medical evidence of his inability to work to the regional board of review. The board, however, affirmed the district hearing officer's order "based on the claimant's Appeal, evidence in the file and/or evidence adduced at the hearing," without mentioning the new evidence. Claimant attacked the board's order, and the court of appeals granted a limited writ of mandamus, holding that the board's failure to prepare separate evidentiary findings, in light of the new evidence, violated *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721.

We disagreed, noting that *Mitchell* required citation only of evidence *relied on*, not that which is merely considered. Accordingly, we held:

"[T]he submission of new evidence does not require separate *Mitchell* findings if the reviewer does not rely on that evidence. Where a regional board adopts the reasoning and decision of the district hearing officer and the district hearing officer's order satisfies *Mitchell*, we consider the regional board's order in compliance as well." *DeMint, supra,* 49 Ohio St.3d at 20, 550 N.E.2d at 176.

The present claimant suggests that the lack of citation to alleged gainful employment in the regional board's order indicates that the board considered, but did not rely on, that evidence. *DeMint*, however, is distinguishable from this case and thus cannot support claimant's position. As the court of appeals in the instant case, through its referee, aptly stated:

" * * * In *DeMint*, the regional board faced the same question decided by the district hearing officer, but with additional evidence presented. In the instant case, the additional evidence submitted to the board presented an issue that was *not* before the district hearing officer." (Emphasis added.)

When the regional board, without comment, simply affirmed the district hearing officer's order—which was premised solely on the medical question of ability to return to the former position of employment—it ignored another, separate question before it, *i.e.*, whether the claimant had undertaken other sustained remunerative employment. Even where a claimant is medically unable to return to his former job, he cannot continue to receive temporary total compensation once he has accepted other sustained gainful employment. *State ex rel. Nye v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 22 OBR 91, 488 N.E.2d 867; *State ex rel. Johnson v. Rawac Plating Co.* (1991), 61 Ohio St.3d 599, 575 N.E.2d 837. As the referee noted in his report to the court of appeals, the regional board may indeed have rejected as unpersuasive the allegation that claimant had been working. However, if it did, the order should have specifically so stated. Without a specific finding on this second, distinct issue, the regional board's order cannot be evaluated to determine whether an abuse of discretion occurred.

Peabody claims that the award was improper for the additional reason that it contravened the January 10, 1989 order and, therefore, violated *res judicata*. This assertion is premised on Peabody's belief that the January 10, 1989 order prohibited further temporary total compensation without prior examination and hearing. This is incorrect. While the order did indeed provide that claimant should be examined and a hearing held if claimant requested further temporary total compensation, the order did not expressly prohibit compensation payment in the interim. While this may have been what the commission meant, it is not what it said. As a result, we find that the January 22, 1990 order did not alter the earlier final order, and *res judicata* was not violated. We also find that the appellate court erred in ordering the commission to stay the payment of all temporary total disability compensation to the claimant pending a commission medical examination.

Accordingly, we reverse that portion of the court of appeals' judgment which prohibits the payment of any temporary total disability compensation

pending a commission medical evaluation. The balance of the judgment is affirmed.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., not participating.