THE STATE EX REL. JONES, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.; CINCINNATI TRUCK CENTER, APPELLANT.

[Cite as *State ex rel. Jones v. Indus. Comm.* (1996), 76 Ohio St.3d 503.]

(No. 94–1715—Submitted April 30, 1996—Decided August 28, 1996.)

*Cynthia C. Felson,* for appellee.

*Joseph Wessendarp,* for appellant.

COOK, J.  The narrow question before us is whether the language of Ohio Adm.Code 4121–3–32(B)(2)(d) precludes the termination of TTD upon the finding of an RBR that the claimant has been offered a suitable job.

R.C. 4123.56(A) establishes the conditions for payment of Jones's TTD:

" * * * Payments shall continue pending the determination of the matter, however *payment shall not be made for the period when * * * work within the physical capabilities of the employee is made available by the employer* or another employer, or when the employee has reached the maximum medical improvement.  * * * "  (Emphasis added.)

CTC argues that the RBR had authority to determine Jones's continuing entitlement to TTD based on the reasoning in *State ex rel. Webb v. Indus. Comm.* (Sept. 26, 1989), Franklin App. No. 88AP–429, unreported, 1989 WL 111002.[1] The claimant in *Webb* maintained, as Jones does here, that new evidence of disqualifying factors must be submitted first to a DHO, who possesses original jurisdiction in "contested claims matters" involving TTD under R.C. 4121.34(B). The *Webb* court disagreed, holding that the RBR had jurisdiction to review all aspects of a claimant's TTD eligibility, including evidence that the claimant's condition had become permanent, notwithstanding that the issue of permanency or maximum medical improvement ("MMI") had not been determined initially by

---

1.  Although the claimant's condition in *Webb* arose prior to the effective date of Ohio Adm.Code 4121–3–32, we find the *Webb* court's reasoning regarding the RBR's authority under R.C. 4123.56(A) compelling in this case.  Ohio Adm.Code 4121–3–32 does not confer exclusive jurisdiction on a DHO for the cessation of TTD payments pursuant to R.C. 4123.56(A).

the DHO. The reasoning of *Webb* is instructive in this case because under R.C. 4123.56(A), MMI and an offer of suitable employment are equals in precluding the continued payment of TTD.

In effect, *Webb* reasoned that "contested claims matters," as used in former R.C. 4121.34(B)(2) (now R.C. 4121.34[B][3] ), granted DHOs authority to resolve the claimant's overall TTD eligibility, which depends on whether the claimant qualified initially for benefits and *continues to be* qualified. Accord *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 66, 577 N.E.2d 1095, 1097 (claimant's right to continued compensation contingent on successive medical reports that claimant has burden to produce). The *Webb* court concluded that where the claimant seeks TTD, the "contested matter" is the challenged allowance of the entire claim, not the various considerations, such as permanency, that may factor into this determination. The DHO in *Webb* had already exercised original jurisdiction in initially awarding TTD. Thus, the court concluded that the administrative appeal necessarily placed before the RBR developments occurring since the DHO's order that could disqualify the claimant from receiving TTD.

We agree with the court's analysis in *Webb* and we conclude that Ohio Adm.Code 4121–3–32(B) does not dictate a contrary holding.

Ohio Adm.Code 4121–3–32(B)(2) establishes the conditions under which a self-insured employer or the Bureau of Workers' Compensation may terminate TTD after a hearing notwithstanding administrative appeal or a final order of the commission. Paragraph (B)(2) states:

"[T]emporary total disability compensation may be terminated after a hearing as follows:

" * * *

"(d) Upon the finding of a district hearing officer that the employee has received a written job offer of suitable employment." [2]

The court of appeals read the DHO hearing provision in Ohio Adm.Code 4121–3–32(B)(2)(d) as an absolute procedural prerequisite for the termination of TTD when the employer has offered a claimant suitable employment. By its terms, however, the rule establishes only the conditions under which. self-insured employers and the bureau may cut off TTD *without a final commission order;* the

---

2. Ohio Adm.Code 4121–3–32(B) further states: "If a district hearing officer determines, based upon the evidence, that as of the date of the hearing, the claimant is no longer justified in remaining on temporary total disability compensation, he shall declare that no further payments may be made. If the district hearing officer determines that the claimant was not justified in receiving temporary total disability compensation prior to the date of the hearing, he shall declare an overpayment * * *."

rule does not establish a DHO's exclusive original jurisdiction to determine whether the pertinent conditions exist. Such a narrow reading as espoused by appellee does not comport with the multilevel administrative hearings scheme of Ohio workers' compensation. New evidence affecting continued TTD eligibility could be presented at the RBR administrative appeal level. See *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 642, 614 N.E.2d 1044, 1046; *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174.

Accordingly, we hold that the RBR did have authority to consider the October 6, 1992 job offer because it was necessary to determine Jones's continued eligibility to receive TTD. We also find no basis for a writ of mandamus on Jones's claim that the commission abused its discretion in terminating TTD due to CTC's job offer.[3] The judgment of the court of appeals granting a writ of mandamus is reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I would affirm the judgment of the court of appeals.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

---

3. There was "some evidence" to support the commission's factual conclusion in this case, specifically the October 6, 1992 letter which confirmed the oral offer of employment consistent with Jones's medical restrictions. This offer was sufficient because there is no requirement that the offer contain a specific listing of the duties and physical demands of the job. Accordingly, mandamus relief was not available. See, generally, *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 652, 640 N.E.2d 815, 818.