[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 503.]

THE STATE EX REL. JONES, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.; CINCINNATI TRUCK CENTER, APPELLANT.

[Cite as *State ex rel. Jones v. Indus. Comm.*, 1996-Ohio-164.]

*Workers' compensation—Ohio Adm.Code 4121-3-32(B)(2)(d) does not preclude termination of temporary total disability compensation upon the finding by a regional board of review that claimant has been offered suitable employment sufficient to terminate temporary total disability compensation.*

(No. 94-1715—Submitted April 30, 1996—Decided August 28, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1364.

_____

{¶ 1} Appellee Daniel Jones injured his back while working for appellant Cincinnati Truck Center ("CTC"). A district hearing officer ("DHO") for the Industrial Commission of Ohio allowed the workers' compensation claim and awarded temporary total disability compensation ("TTD") for April 18 through August 2, 1992, with further compensation to be paid upon submission of medical evidence demonstrating Jones's inability to return to work as a result of the allowed condition. CTC administratively appealed the DHO's order to the Dayton Regional Board of Review ("RBR"). Meanwhile, in a letter dated September 2, 1992, Jones's doctor, Michael J. Klosterman, D.C., advised CTC of Jones's medical restrictions:

"Weight limit - 25 lb. -- 20 times an hour to waist height

"No prolonged sitting (ie.more than one hour without 5min. stretch breaks)

"No prolonged standing in one place (ie. over 1/2 hr)

"No excessive bending/twisting

"No climbing (ie. ladders)"

**{¶ 2}** In response, Jay D. Burgess, director of parts and service operations for CTC, made Jones an oral job offer consistent with Dr. Klosterman's letter. Burgess followed up with a memo to Jones reiterating the offer. The next day Dr. Klosterman sent a letter to CTC stating, "Please be advised that the letter previously sent to you regarding the restrictions was not a release for work for Mr. Jones."

**{¶ 3}** On October 6, 1992, Burgess sent the following letter to Jones:

"This letter is in reference to the phone conversation I had with you on 9-14-92. I have offered you light duty work in accordance with your Doctor's orders and you have not responded. It is our position you have abandoned your job. I am sending this letter to you to make sure this is your desire. If you do not report to Cincinnati Truck Center to work by 10-12-92 at 8:00AM your position will be terminated." Jones did not respond.

**{¶ 4}** Following a hearing on October 20, 1992, the RBR issued an order modifying the DHO's order by discontinuing TTD from October 6, 1992 "based upon a bona fide written offer of light work from the employer which was within claimant's restrictions, which offer was refused." That decision was affirmed by two Industrial Commission staff hearing officers.

**{¶ 5}** Jones next sought a writ of mandamus in the Franklin County Court of Appeals, alleging that the commission had abused its discretion by terminating TTD on the basis of CTC's job offer. A referee recommended that the court of appeals deny the writ because CTC's October 6 letter was an offer of suitable employment sufficient to terminate TTD. The referee further found that the RBR had authority to consider evidence of CTC's job offer even though the issue of job abandonment had not been presented first to the DHO.

**{¶ 6}** Jones objected to the referee's report and the court of appeals sustained those objections and granted a writ of mandamus. Relying on Ohio Adm. Code 4121-3-32(B)(2)(d) the appellate court held that the RBR had no authority to

terminate Jones's TTD on new evidence that had not been considered by the DHO. The court ordered the commission to vacate its order and to direct an appropriate DHO to review the issue of Jones's job abandonment.

{¶ 7} The cause is now before this court on an appeal as of right.

_____

*Cynthia C. Felson,* for appellee.

*Joseph Wessendarp*, for appellant.

_____

**COOK, J.**

{¶ 8} The narrow question before us is whether the language of Ohio Adm. Code 4121-3-32(B)(2)(d) precludes the termination of TTD upon the finding of an RBR that the claimant has been offered a suitable job.

{¶ 9} R.C. 4123.56(A) establishes the conditions for payment of Jones's TTD:

"* * * Payments shall continue pending the determination of the matter, however *payment shall not be made for the period when * * * work within the physical capabilities of the employee is made available by the employer* or another employer, or when the employee has reached the maximum medical improvement. * * *" (Emphasis added.)

{¶ 10} CTC argues that the RBR had authority to determine Jones's continuing entitlement to TTD based on the reasoning in *State ex rel. Webb v. Indus. Comm.* (Sept. 26, 1989), Franklin App. No. 88AP-429, unreported.[1] The claimant in *Webb* maintained, as Jones does here, that new evidence of disqualifying factors must be submitted first to a DHO, who possesses original jurisdiction in "contested

---

1. Although the claimant's condition in *Webb* arose prior to the effective date of Ohio Adm. Code 4121-3-32, we find the *Webb* court's reasoning regarding the RBR's authority under R.C. 4123.56(A) compelling in this case. Ohio Adm. Code 4121-3-32 does not confer exclusive jurisdiction on a DHO for the cessation of TTD payments pursuant to R.C. 4123.56(A).

claims matters" involving TTD under R.C. 4121.34(B). The *Webb* court disagreed, holding that the RBR had jurisdiction to review all aspects of a claimant's TTD eligibility, including evidence that the claimant's condition had become permanent, notwithstanding that the issue of permanency or maximum medical improvement ("MMI") had not been determined initially by the DHO. The reasoning of *Webb* is instructive in this case because under R.C. 4123.56(A), MMI and an offer of suitable employment are equals in precluding the continued payment of TTD.

{¶ 11} In effect, *Webb* reasoned that "contested claims matters," as used in former R.C. 4121.34(B)(2) (now R.C. 4121.34[B][3]), granted DHOs authority to resolve the claimant's overall TTD eligibility, which depends on whether the claimant qualified initially for benefits and *continues to be* qualified. Accord *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 66, 577 N.E.2d 1095, 1097 (claimant's right to continued compensation contingent on successive medical reports that claimant has burden to produce). The *Webb* court concluded that where the claimant seeks TTD, the "contested matter" is the challenged allowance of the entire claim, not the various considerations, such as permanency, that may factor into this determination. The DHO in *Webb* had already exercised original jurisdiction in initially awarding TTD. Thus, the court concluded that the administrative appeal necessarily placed before the RBR developments occurring since the DHO's order that could disqualify the claimant from receiving TTD.

{¶ 12} We agree with the court's analysis in *Webb* and we conclude that Ohio Adm. Code 4121-3-32(B) does not dictate a contrary holding.

{¶ 13} Ohio Adm. Code 4121-3-32(B)(2) establishes the conditions under which a self-insured employer or the Bureau of Workers' Compensation may terminate TTD after a hearing notwithstanding administrative appeal or a final order of the commission. Paragraph (B)(2) states:

"[T]emporary total disability compensation may be terminated after a hearing as follows:

4

"* * *

"(d) Upon the finding of a district hearing officer that the employee has received a written job offer of suitable employment."[2]

{¶ 14} The court of appeals read the DHO hearing provision in Ohio Adm. Code 4121-3-32(B)(2)(d) as an absolute procedural prerequisite for the termination of TTD when the employer has offered a claimant suitable employment. By its terms, however, the rule establishes only the conditions under which self-insured employers and the bureau may cut off TTD *without a final commission order*; the rule does not establish a DHO's exclusive original jurisdiction to determine whether the pertinent conditions exist. Such a narrow reading as espoused by appellee does not comport with the multilevel administrative hearings scheme of Ohio workers' compensation. New evidence affecting continued TTD eligibility could be presented at the RBR administrative appeal level. See *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 642, 614 N.E.2d 1044, 1046; *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174.

{¶ 15} Accordingly, we hold that the RBR did have authority to consider the October 6, 1992 job offer because it was necessary to determine Jones's continued eligibility to receive TTD. We also find no basis for a writ of mandamus on Jones's claim that the commission abused its discretion in terminating TTD due to CTC's job offer.[3] The judgment of the court of appeals granting a writ of mandamus is reversed.

---

2. Ohio Adm. Code 4121-3-32(B) further states: "If a district hearing officer determines, based upon the evidence, that as of the date of the hearing, the claimant is no longer justified in remaining on temporary total disability compensation, he shall declare that no further payments may be made. If the district hearing officer determines that the claimant was not justified in receiving temporary total disability compensation prior to the date of the hearing, he shall declare an overpayment * * *."

3. There was "some evidence" to support the commission's factual conclusion in this case, specifically the October 6, 1992 letter which confirmed the oral offer of employment consistent with Jones's medical restrictions. This offer was sufficient because there is no requirement that the offer contain a specific listing of the duties and physical demands of the job. Accordingly,

*Judgment reversed*

MOYER, C.J., PFEIFER and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 16} I would affirm the judgment of the court of appeals.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____

mandamus relief was not available. See, generally, *State ex rel. Eberhardt v. Flxible Corp*. (1994), 70 Ohio St.3d 649, 652, 640 N.E.2d 815, 818.