DECISION
{¶ 1} Relator, Extendicare Health Services, Inc., filed this original action requesting this court, inter alia, to issue a writ of mandamus directing respondent Industrial Commission of Ohio ("commission") to vacate an order granting temporary total disability ("TTD") compensation to respondent-claimant, Nicole M. Taylor.
{¶ 2} Pursuant to Civ.R.53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who examined the stipulated evidence and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In this decision, the magistrate concluded the commission abused its discretion by rejecting the reports of Dr. Jon E. Starr and Dr. Seth H. Vogelstein in making its decision and recommended this court issue a writ of mandamus ordering the commission to vacate its order that granted claimant's request for TTD compensation and reconsider the issue of her entitlement to TTD compensation after considering the reports of Drs. Starr and Vogelstein.
{¶ 3} No party has filed objections to the magistrate's order. The matter is now before this court for a full, independent review.
{¶ 4} Following an independent and thorough review of the record, this court finds the magistrate erred in his eighth finding of fact, wherein he stated that claimant was given a velcro splint on February 16, 2001; rather, the court finds the record actually states in Dr. Volgelstein's April 16, 2002 report that "[claimant] made use of a Velcro splint and by 02-16-01 there was concern that there might be evidence of ulnar neuropathy." Therefore, to the extent the magistrate found claimant was given a velcro splint on February 16, 2001, we find this statement to be in error. However, the record does support the magistrate's finding that claimant used a velcro splint. The court finds no other errors in the magistrate's findings of fact, and it adopts all the magistrate's findings of fact except to the extent discussed above. The court finds no errors of law in the magistrate's decision.
{¶ 5} Accordingly, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein, except to the extent discussed above concerning the magistrate's eighth finding of fact. In accordance with the magistrate's recommendation, this court hereby grants the requested writ of mandamus and orders the commission to vacate its order which granted claimant's request for TTD compensation and reconsider the issue of claimant's entitlement to TTD compensation after considering the reports of Drs. Starr and Volgestein.
Writ granted.
BROWN and WATSON, JJ., concur.
 APPENDIX A
{¶ 6} Relator, Extendicare Health Services, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted the motion of respondent Nicole M. Taylor ("claimant") for temporary total disability ("TTD") compensation from March 27, 2002 through July 25, 2002 and continuing after rejecting the reports of Drs. Vogelstein and Starr who had included consideration of non-allowed conditions.
{¶ 7} Findings of Fact:
{¶ 8} 1. Claimant sustained a work-related injury on January 25, 2001, and relator, a self-insured employer, originally allowed the claim for: "contusion left upper limb." Relator also allowed the claim for: "contusion of L[eft] wrist forearm, medial lateral epicondylitis, sprain of L[eft] wrist forearm." Claimant re-aggravated her injury on March 16, 2001, and relator additionally allowed her claim for: "re-aggravation of strain of left wrist and hand."
{¶ 9} 2. Relator did not notify the Ohio Bureau of Workers' Compensation ("BWC") that it was additionally allowing claimant's claim for these conditions.
{¶ 10} 3. Following the March 16, 2001 re-aggravation, claimant went on restricted duty.
{¶ 11} 4. In May 2001, claimant fell at home and fractured her distal hume rus.
{¶ 12} 5. On March 26, 2002, claimant's employment with relator was terminated because of relator's transitional work policy which only provided for such work for an eight week period of time. As of March 26, 2002, claimant had been on transitional work duty for approximately one year.
{¶ 13} 6. Relator had asked Dr. Jon E. Starr to review claimant's medical file and to offer his opinion as to the appropriateness of treatment, the relationship of treatment to her work-related injury, and the extent of her disability. Dr. Starr opined that claimant's fall at home in May 2001 constituted a significant intervening injury and that all of her treatment since that time was due to the May 2001 fall and was not related to the injuries occurring at work in January and March 2001. Dr. Starr opined that claimant did not need any additional medical treatment for her work-related injuries and that her complaints all related to the May 2001 fall.
{¶ 14} 7. Claimant's treating physician, Dr. Donald Fisco, submitted three C-84s on claimant's behalf certifying her as temporarily and totally disabled from December 12, 2001 through May 29, 2002, given an estimated return-to-work date of September 1, 2002. Dr. Fisco also provided the following office note from April 3, 2002:
{¶ 15} "She is in for 1 mo. recheck of her left arm problem. We have been treating her for depression. I have been giving her Zoloft. She is up to 150 mg. a day. It is not helping. The depression appears to be directly connected to her Worker's Comp. injury and the fact that she can't work with it. We are going to have her start discontinuing the Zoloft. We are going to see if we can cut her down from 40 mg. to 20 mg. of the Oxycontin that she is taking. BP 96/68, P 76, wt. 165 ½, temp 97.8. She is still getting minimal swelling of the fingers of her left hand and discomfort in her left elbow. Apparently Arbor's did fire her and she is not working there any more. I think she still has a restriction as far as use of her left arm goes so we are going to keep that on there. We are going to see if we can cut her down on the Oxycontin. She has probably about another week and a half of the 40 b.i.d. left and when she gets done with that she will go down to 20 b.i.d. I would like to see her in a month and see how she is doing at that time."
{¶ 16} 8. Claimant was examined by Dr. Seth H. Vogelstein on April 16, 2002. Dr. Vogelstein examined claimant for the following conditions: "Contusion of left upper extremity, left lateral and medial epicondylitis, sprain of left wrist and left hand, contusion of left thumb and left upper extremity." In the heading of his report, Dr. Vogelstein noted that claimant's date of injury was March 16, 2001. Additionally, several times within the body of his report, Dr. Vogelstein also noted that the date of injury was March 16, 2001. However, within the body of his report, Dr. Vogelstein also noted that claimant had an X-ray taken on January 26, 2001, which was found to be normal and that she was given a velcro splint on February 16, 2001.
{¶ 17} Dr. Vogelstein noted that claimant has full range of motion in her left upper extremity and normal strength, that there were no objective findings to substantiate claimant's continuing complaints of severe pain, that all of the conditions have reached maximum medical improvement ("MMI"), that claimant is capable of returning to full duty work, and that the sprains and contusions she sustained should have resolved some time ago.
{¶ 18} 9. Claimant's request for TTD compensation was heard before a district hearing officer ("DHO") on June 24, 2002, and resulted in an order granting the compensation based upon Dr. Fisco's May 29, 2002 C-84, as well as his April 5, 2002 treatment note. The DHO noted further that relator had eliminated claimant's transitional work schedule on March 26, 2002, which by no fault of her own caused her to be unable to work.
{¶ 19} 10. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 25, 2002. The SHO affirmed the prior DHO order as follows:
{¶ 20} "The SHO agrees with the reasoning and decision of the DHO in awarding temporary total compensation from 03/27/2002 through 07/25/2002 and to continue upon submission of medical proof pursuant to the 05/29/2002 C-84 of Dr. Fisco and his 04/03/2002 office note. Claimant was never released to resume her former position of employment as was evident by her being in a transitional position (light duty) for over 1 year. When the employer discontinued/eliminated her participation in that program, she IMMEDIATELY became eligible for temporary total compensation as she was temporary and totally disabled before she began the program. Furthermore, the SHO is distressed by the representations made by the employer's representative that there was another C-84 originally submitted (not on file) and that Dr. Vogelstein accurately recites the claim's allowed conditions. No letter acknowledging said allowances or any other information notifying the BWC or Industrial Commission of these events is on file. This makes accurate adjudication very difficult.
{¶ 21} "The 04/03/2002 note of Dr. Fisco supports this award as it states she is being seen for a recheck of her left arm problem, noting swelling and discomfort and keeping the restriction regarding the use of her left arm. Other conditions for which he may be treating her are found to be irrelevant as none are cited on the C-84 as causing disability.
{¶ 22} "Finally, Dr. Vogelstein's and Dr. Starr's reports are rejected and not found persuasive for the reasons that they include consideration of conditions which are not recognized by the Industrial Commission as allowed and as Dr. Vogelstein has an inaccurate date of injury." (Emphasis sic.)
{¶ 23} 11. Further appeal by the relator was refused by order of the commission mailed August 21, 2002.
{¶ 24} 12. Relator's request for reconsideration was denied by order of the commission mailed September 28, 2002.
{¶ 25} 13. Thereafter, relator filed the instant mandamus in this court.
{¶ 26} Conclusions of Law:
{¶ 27} For the reasons that follow, this magistrate recommends that the court grant a writ of mandamus remanding this matter to the commission for further proceedings.
{¶ 28} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation is paid to a claimant until one of four things occur: (1) the claimant has returned to work; (2) the claimant's treating physician has made a written statement that the claimant is capable of returning to their former position of employment; (3) when work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) when the claimant has reached MMI. A finding of MMI precludes payment of further TTD compensation. State ex rel. Peabody Coal Co. v. Indus. Comm. (1993), 66 Ohio St.3d 639.
{¶ 29} It is undisputed that compensation awarded to a claimant can be paid only for the allowed conditions and that non-allowed conditions cannot be used to advance or defeat a claim for compensation. See, e.g., State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452; State ex rel. Bradley v. Indus. Comm. (1997), 77 Ohio St.3d 239; State ex rel. LTV Steel Co. v. Indus. Comm. (1992), 65 Ohio St.3d 22.
{¶ 30} In the present case, both Drs. Starr and Vogelstein considered all of the conditions which relator had allowed in this case. Dr. Starr concluded that, based upon his review of the medical evidence in the file, any continuing problems which claimant had were directly related to the non-work-related fall which occurred in May 2001. As such, Dr. Starr found that there was an intervening event which was currently causing claimant her problems. Dr. Vogelstein examined claimant and determined that all of her conditions had reached MMI.
{¶ 31} The commission rejected the reports of Drs. Starr and Vogelstein because both doctors considered all of the conditions which relator had allowed in claimant's claim. The rationale for the rejection of these reports was that relator had failed to timely inform the BWC that it, a self-insured employer, was additionally allowing claimant's claim for more conditions than relator had already notified the BWC that the claim was being allowed for. As such, because the doctors considered "non-allowed conditions," the commission rejected their reports.
{¶ 32} When a doctor considers non-allowed conditions in opining that a claimant is entitled to further compensation, the commission must reject those reports since non-allowed conditions cannot be used to advance a claim. Further, if a doctor was to consider non-allowed conditions and failed to consider the allowed condition in rendering an opinion, those reports would likewise have to be rejected. However, in the present case, where both doctors considered conditions which relator had allowed in claimant's claim, but which relator had failed to inform the BWC that it had allowed them, the commission reached a conclusion which is indefensible. Dr. Starr concluded that claimant's current complaints stemmed from the intervening accident in May 2001. As such, the fact that relator had informed Dr. Starr that it had allowed all the conditions in claimant's claim was immaterial to his ultimate opinion. Dr. Vogelstein opined that all four of the conditions which relator informed Dr. Vogelstein that it had allowed in claimant's claim had reached MMI, including the one condition which relator had informed the BWC that it had allowed.
{¶ 33} In the present case, this magistrate finds that the commission did abuse its discretion in rejecting the reports of Drs. Starr and Vogelstein solely because they considered all of the conditions which relator had allowed in claimant's claim. Inasmuch as both doctors opined that she was not temporarily and totally disabled at this time due to any of the conditions allowed as a result of the January 2001 work-related injury, their opinions should have been considered by the commission which would then be free to rely upon or reject them. Furthermore, with regard to the report of Dr. Vogelstein, the commission also indicated that it was rejecting his report because he had noted a date of injury of March 2001. As noted in the findings of fact, it is clear that Dr. Vogelstein knew that claimant sustained an injury in January 2001 and that there was a re-aggravation of that injury on March 16, 2001. Specifically, Dr. Vogelstein noted the results of X-rays taken in January 2001 which indicate that he was indeed aware of the date of injury and of the date of aggravation. Especially in light of the fact that relator did allow claimant's claim for an aggravation of the January 2001 injury following the March 16, 2001 re-injury, it was an abuse of discretion for the commission to reject Dr. Vogelstein's report for this additional reason.
{¶ 34} Based on the foregoing, it is this magistrate's decision that relator has demonstrated that the commission abused its discretion in rejecting the reports of Drs. Starr and Vogelstein. This court should issue a writ of mandamus ordering the commission to vacate its order which granted claimant's request for TTD compensation and reconsider the issue of her entitlement to TTD compensation after considering the reports of Drs. Starr and Vogelstein.
 STEPHANIE BISCA BROOKS MAGISTRATE