{¶ 1} Relator, Arrow International, Inc. ("relator"), filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order awarding temporary total disability ("TTD") compensation to respondent, Eva Sosa ("claimant"), and to enter an order that adjudicates the issue of whether claimant voluntarily abandoned her employment with relator.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant the requested writ. (Attached as Appendix A.) Claimant filed an objection to the magistrate's decision, as follows:
 THE MAGISTRATE ERRED IN FINDING THAT STATE EX REL. NOLL V. INDUS. COMM. (1991), 57 OHIO ST.3D 203, REQUIRES THE COMMISSION TO ADDRESS ALL OF THE EVIDENCE, ARGUMENTS AND DOCUMENTS UPON WHICH IT DOES NOT RELY.
 {¶ 3} No one objected to the magistrate's findings of fact, and we adopt them as our own. Briefly, claimant sustained an injury in the course of her employment with relator. She underwent three surgeries as a result of her injury, and her surgeon certified a period of TTD. Relator moved to terminate TTD compensation based on a physician's report indicating that claimant had reached maximum medical improvement. A district hearing officer thereafter issued an order denying relator's motion, and a staff hearing officer ("SHO") affirmed that denial and awarded TTD compensation. Relator filed a notice of appeal from the SHO's order, arguing that the SHO had failed to adjudicate relator's assertion that claimant had voluntarily abandoned her employment and, therefore, that claimant was precluded from receiving TTD compensation. The commission denied relator's appeal, and relator filed this mandamus action.
 {¶ 4} The magistrate found that the commission had abused its discretion by failing to address relator's claim of voluntary abandonment. The commission agreed, conceding that the SHO's failure to address the voluntary abandonment was an abuse of discretion and requesting that this court issue a writ of mandamus returning the matter to the commission for further consideration.
 {¶ 5} In her objection, claimant focuses on the SHO's order, which states: "All the evidence, testimony, and arguments submitted as of the date of this hearing have been reviewed and evaluated to render this decision." According to claimant, the SHO's order thus indicates that the SHO considered and rejected relator's claim of voluntary abandonment. Any reconsideration of that factual determination, claimant argues, is inappropriate.
 {¶ 6} We agree with the magistrate's consideration and resolution of claimant's arguments. We acknowledge that State ex rel. Noll v. Indus.Comm. (1991), 57 Ohio St.3d 203, does not require the commission to identify the evidence upon which it did not rely in reaching its decision. As the magistrate concluded, however, it is an abuse of discretion for the commission not to address a critical issue. State exrel. Consol. Freightways v. Engerer (1996), 74 Ohio St.3d 241; State exrel. Peabody Coal Co. v. Indus. Comm. (1993), 66 Ohio St.3d 639. As all parties, including claimant, agree that relator raised the issue of voluntary abandonment, which could preclude TTD compensation, the commission abused its discretion by not addressing it.
 {¶ 7} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, claimant's objection is overruled and we grant a writ ordering the commission to vacate the SHO's order of September 21, 2005, and to enter a new order that adjudicates relator's voluntary abandonment claim.
Objection overruled, writ of mandamus granted.
 BROWN and McGRATH, JJ., concur. APPENDIX A MAGISTRATE'S DECISION Rendered on September 14, 2006 IN MANDAMUS {¶ 8} In this original action, relator, Arrow International, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding temporary total disability ("TTD") compensation to respondent Eva Sosa ("claimant") and to enter an order that adjudicates the issue of whether claimant voluntarily abandoned her employment with relator.
Findings of Fact:
 {¶ 9} 1. On April 5, 2002, claimant sustained an industrial injury while employed as a factory worker for relator, a self-insured employer under Ohio's workers' compensation laws. The industrial claim is allowed for "bilateral lateral epicondylitis" and is assigned claim number 02-888935.
 {¶ 10} 2. Claimant has had three surgeries related to her industrial injury. The third surgery was performed on February 1, 2005, by Michael W. Keith, M.D. That surgery involved a decompression of the radial nerve.
 {¶ 11} 3. On a C-84 dated February 7, 2005, Dr. Keith certified a period of TTD beginning February 1, 2005 to an estimated return-to-work date of May 1, 2005. Dr. Keith extended the estimated return-to-work date on subsequent C-84s.
 {¶ 12} 4. Apparently, relator, as a self-insured employer, began payments of TTD compensation based upon Dr. Keith's C-84s.
 {¶ 13} 5. On June 23, 2005, at relator's request, claimant was examined by Steven Sanford, M.D., who opined in a report that claimant "has reached maximum medical improvement as regards [to] the allowed conditions in the claim."
 {¶ 14} 6. On July 12, 2005, citing Dr. Sanford's report, relator moved for termination of TTD compensation on grounds that claimant has reached maximum medical improvement ("MMI").
 {¶ 15} 7. Following an August 10, 2005 hearing, a district hearing officer ("DHO") issued an order denying relator's motion. The DHO's order explains:
 The Hearing Officer finds that claimant has not yet reached maximum medical improvement for the allowed conditions of this claim. Claimant had surgery on 02/01/2005 and is still undergoing strengthening exercises. Further, the self insured employer has not organized a vocational rehabilitation plan for claimant as recommended by claimant's physician of record.
 {¶ 16} 8. Relator administratively appealed the DHO's order of August 10, 2005.
 {¶ 17} 9. Following a September 21, 2005 hearing, a staff hearing officer ("SHO") issued an order stating:
 Staff Hearing Officer denies employer's request to terminate temporary total disability compensation. Temporary total disability compensation is awarded through 09/21/2005 and is to continue upon submission of medical proof.
 Staff Hearing Officer finds that the disability is caused by the allowed condition in this claim; injured worker had surgery on 02/01/2005 and is still undergoing strengthening exercises. Staff Hearing Officer finds that injured worker has not reached maximum medical improvement for the allowed condition in this claim.
 This order is based on the medical records of Dr. Keith, specifically the C84s and the reports dated 08/03/2005, 05/23/2005, 03/11/2005, and 01/04/2005, and the operative report dated 02/04/2005. All the evidence, testimony, and arguments submitted as of the date of this hearing have been reviewed and evaluated to render this decision.
 {¶ 18} 10. Relator timely filed a notice of appeal of the SHO's order of September 21, 2005. Relator attached a brief to its notice of appeal. In its brief, relator claimed that it had presented evidence at the September 21, 2005 hearing to support its claim that claimant had voluntarily abandoned her employment on January 3, 2005.
 {¶ 19} 11. On October 25, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of September 21, 2005.
 {¶ 20} 12. On December 14, 2005, relator, Arrow International, Inc., filed this mandamus action.
Conclusions of Law:
 {¶ 21} The issue is whether the commission abused its discretion by failing to address relator's claim that TTD compensation is precluded by claimant's alleged voluntary abandonment of her employment.
 {¶ 22} Finding that the commission abused its discretion in failing to address relator's voluntary abandonment claim, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 23} On July 12, 2005, as previously noted, relator moved for termination of TTD compensation on MMI grounds. Relator does not challenge here the commission's finding that claimant has not reached MMI. However, relator claims that it pursued a claim of voluntary abandonment at the September 21, 2005 hearing and the SHO abused her discretion by issuing an order that fails to adjudicate relator's voluntary abandonment claim.
 {¶ 24} Here, the commission, in its brief, concedes that it abused its discretion by failing to address relator's voluntary abandonment claim. Thus, the commission requests that this court issue a writ of mandamus returning the matter to the commission for further determination.
 {¶ 25} At page 8 of her brief, claimant admits that, at the September 21, 2005 hearing, relator "presented evidence indicating that Ms. Sosa retired from her employment."
 {¶ 26} However, citing the concluding sentence of the SHO's order stating "[a]ll the evidence, testimony, and arguments submitted as of the date of this hearing have been reviewed and evaluated to render this decision," claimant argues that "the hearing officer found that the evidence presented did not indicate that Ms. Sosa voluntarily abandoned her position of employment, but retired due to the injuries sustained while working." (Claimant's brief at 8.)
 {¶ 27} Given claimant's admission in her brief that relator did present its voluntary abandonment claim at the September 21, 2005 hearing, the magistrate so finds.
 {¶ 28} Although relator failed to claim a voluntary abandonment in its July 12, 2005 motion, and the claim was not presented at the August 10, 2005 hearing before the DHO, the SHO, nevertheless, had jurisdiction to adjudicate the voluntary abandonment claim presented at the September 21, 2005 hearing given the de novo nature of administrative appeals.State ex rel. Jones v. Indus. Comm. (1996), 76 Ohio St.3d 503.
 {¶ 29} Moreover, claimant does not contend here that she would have been denied procedural due process if the SHO had actually addressed and adjudicated relator's voluntary abandonment claim presented at the September 21, 2005 hearing. See State ex rel. Flnley v. Dusty DrillingCo. (1981), 2 Ohio App.3d 323; State ex rel. LTV Steel Co. v. Indus.Comm. (1995), 102 Ohio App.3d 100 (reasonable notice of hearing necessarily includes notice of the subject matter of the hearing).
 {¶ 30} Clearly, claimant is incorrect in asserting that the commission actually adjudicated relator's voluntary abandonment claim. While the concluding sentence of the SHO's order of September 21, 2005 does state that all evidence, testimony and arguments have been evaluated, that language cannot constitute an adjudication of the voluntary abandonment claim. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 31} Given that relator actually presented its voluntary abandonment claim at the September 21, 2005 hearing, the commission clearly failed to address a critical issue before it when it issued its final order denying relator's motion to terminate TTD compensation. The commission's failure to address a critical issue constitutes an abuse of discretion for which relief in mandamus will be granted. State ex rel. Peabody CoalCo. v. Indus. Comm. (1993), 66 Ohio St.3d 639; State ex rel. Gen. Am.Transp. Corp. v. Indus. Comm. (1990), 49 Ohio St.3d 91.
 {¶ 32} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its SHO's order of September 21, 2005, and to enter a new order that adjudicates relator's voluntary abandonment claim.