THE STATE, EX REL. NYE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; GOODYEAR TIRE & RUBBER CO., APPELLANT.

[Cite as State, ex rel. Nye, *v.* Indus. Comm. (1986), 22 Ohio St. 3d 75.]

(No. 85-544—Decided February 5, 1986.)

*Chester T. Freeman Co., L.P.A.,* and *William R. Polhamus,* for appellee.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *P. Douglas Barr,* for appellant.

*Per Curiam.* The district hearing officer terminated appellee's temporary total disability benefits based upon his conclusion that appellee was engaged in "substantially gainful remunerative employment." The court of appeals allowed the writ herein citing several reasons.

First, the court of appeals determined that the commission's orders were not in compliance with the rule set forth in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483-484, that "* * * district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested."

In *State, ex rel. Hudson,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 169, 171, fn. 1, we declined to apply *Mitchell* retroactively. Thus, the issuance of a writ of mandamus compelling the commission to comply with *Mitchell* is inappropriate where the order was made before September 7, 1983. In the case at bar, the only order entered after that date is the order of the Industrial Commission declining further appeal, dated September 8, 1983. That order, however, did not pertain to the actual denial of benefits, but only to the denial of further appeal. The order is technically not in compliance with *Mitchell* because no reason is given for denying further appeal to the full commission. However, in view of the fact that the order is procedural only and was made only one day after the announcement of *Mitchell,* we will not issue a writ to compel the commission to state its reasons for denying further appeal.

Turning to the merits of this action, the court of appeals held that the termination of appellee's temporary total disability benefits was not authorized under *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 632 [23 O.O.3d 518], wherein we held that a claimant is entitled to temporary total disability benefits "* * * until one of the following three things occur: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent." The court of appeals construed part (1) of this test to authorize the continued payment of temporary total disability benefits until the claimant has returned to his former position of employment.

We agree with appellant that this interpretation is erroneous. If accepted, it would permit the payment of temporary total disability benefits to a claimant who has chosen to return to full-time work at a job other than his former employment. In such a case, the claimant is no longer suffering the loss of earnings for which temporary total disability benefits are intended to compensate. *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12 [11 O.O. 382], and *Felske* v. *Daugherty* (1980), 64 Ohio St. 2d 89 [18 O.O.3d 313]. This interpretation is particularly compelling in view of the fact that permanent partial disability benefits under R.C. 4123.57 in the nature of damages are available to a claimant who has returned to work.[2]

---

[2] The district hearing officer recommended that appellee apply for temporary partial benefits when the officer entered his order terminating appellee's temporary total disability benefits. This refers to benefits under R.C. 4123.57(A).

In the case at bar, the commission determined that appellee had returned to "substantially gainful remunerative employment" *i.e.,* full-time work. That determination was amply supported by the investigator's report. It is not the function of the court of appeals or this court to substitute its factual findings for that of the commission in a mandamus action challenging a commission order. See *State, ex rel. GF Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [20 O.O.3d 379]; *State, ex rel. Kilburn,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 103.

For the same reason, we think this case an inappropriate one for determining whether Ohio should adopt the "odd-lot" doctrine. The commission did not find that appellee was engaged in occasional or part-time employment.

For these reasons the judgment of the court of appeals is reversed and the writ is denied.

*Judgment reversed
and writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.