THE STATE, EX REL. JOHNSON, APPELLEE, *v.* RAWAC PLATING
COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State, ex rel. Johnson, v. Rawac
Plating Co.* (1991), 61 Ohio St.3d 599.]

(No. 90–646—Submitted May 6, 1991—Decided August 28, 1991.)

*Michael J. Muldoon,* for appellee.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Cheryl J. Nester,* for appellant.

---

*Per Curiam.* A temporary total disability is one that prevents a return to the former position of employment. *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O.3d 518, 433 N.E.2d 586. *Ramirez* authorizes temporary total compensation:

" ' * * * [U]ntil one of the following three things occur: (1) he [claimant] has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent.' " *Id.* at 632, 23 O.O.3d at 519, 433 N.E.2d at 588.

We must determine whether appellee can receive temporary total disability compensation during the period that he was working at UVC but was unable to return to Rawac—the job at which he was injured. For the reasons to follow, we find that he cannot.

Initially, we disagree with appellant's claim that "former position of employment" encompasses all jobs held on the date of injury, and that by returning to one, appellee effectively returned to his former position. This argument ignores *State, ex rel. McGraw, v. Indus. Comm.* (1991), 56 Ohio St.3d 137, 564 N.E.2d 695, which held that "former position of employment" encompasses only one job—that at which the claimant was injured. See, also, *State, ex rel. Horne, v. Great Lakes Constr. Co.* (1987), 18 Ohio St.3d 79, 18 OBR 117, 480 N.E.2d 753. Here, appellee's "former position of employment" is at Rawac—the job at which he was injured and to which he cannot return.

Appellee, on the other hand, incorrectly assumes that termination of temporary total disability compensation is warranted only where the claimant resumes his former position. Such an argument ignores *Ramirez's* first prong—that temporary total compensation may be denied where the claimant has returned to work. In *State, ex rel. Nye, v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 22 OBR 91, 488 N.E.2d 867, we held that "work" as used in *Ramirez,* referred to *any* "substantially gainful employment," not merely the former position of employment. To hold otherwise:

" * * * would permit the payment of temporary total disability benefits to a claimant who has chosen to return to full-time work at a job other than his former employment. In such a case, the claimant is no longer suffering the loss of earnings for which temporary total disability benefits are intended to

compensate. \* \* \* This interpretation is particularly compelling in view of the fact that permanent partial disability benefits under R.C. 4123.57 in the nature of damages are available to a claimant who has returned to work." *Id.* at 77, 22 OBR at 93, 488 N.E.2d at 870.

Appellee's reliance on *State, ex rel. Diversitech Gen. Plastic Film Div., v. Indus. Comm.* (1989), 45 Ohio St.3d 381, 544 N.E.2d 677, is misplaced. There, a claimant who was medically unable to return to his former job took a light duty job pursuant to a rehabilitation contract entered into by his employer and the commission. The claimant was subsequently laid off from the light duty job, and, remaining unable to return to the job at which he was injured, sought temporary total disability compensation.

His employer argued that the claimant's acceptance of the second job represented an abandonment of the former position and precluded further temporary total compensation. We disagreed, finding no abandonment.

*Diversitech* is readily distinguishable. First, no rehabilitation contract presently exists. More importantly, the claimant in *Diversitech* was not seeking temporary total compensation over the same period in which he received wages from his light duty job.

We thus find that appellee was not entitled to temporary total disability compensation during the period that he received wages from UVC but was unable to return to Rawac. Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I must respectfully dissent from the majority opinion. The majority's reliance on *State, ex rel. Nye, v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 22 OBR 91, 488 N.E.2d 867, is misplaced. The scenario set forth in *Nye* did not occur in this case. In this case appellee here was employed at two jobs: a full-time job at Rawac Plating Company and part-time at Upper Valley Cinema (UVC). When appellee returned to his part-time job he did not indicate that he was abandoning an intention of returning to his former full-time job at Rawac Plating Company, where he was injured. Indeed, at the time appellee returned to light duty work, his attending physician continued to certify that appellee was not able to return to his former position at Rawac.

The purpose of temporary total disability compensation is to compensate the injured worker for loss of earnings. *State, ex rel. Bunch, v. Indus. Comm.*

(1980), 62 Ohio St.2d 423, 427, 16 O.O.3d 449, 451, 406 N.E.2d 815, 818. Appellee was unable to return to his duties at Rawac. He should not be penalized for attempting to perform some type of limited gainful employment. In *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, this court set forth the criteria for determining when temporary total compensation benefits should cease. I do not believe that when we stated, " * * * [the claimant] has returned to work," we meant the situation which is presented to us today. Rather, "return to work" means return to full-time employment.

Appellee still experienced a loss of earnings from Rawac even after he returned to part-time work at UVC. To deny appellee temporary total disability compensation upon the basis that he has returned to his former part-time employment flies in the face of the purpose of temporary total disability benefits. I would find that the Industrial Commission abused its discretion, as the court of appeals did, and permit appellee to receive temporary total disability benefits from February 25, 1986 through February 26, 1987. Accordingly, I would affirm the decision of the appellate court.

DOUGLAS, J., concurs in the foregoing dissenting opinion.