THE STATE EX REL. BLABAC, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Blabac v. Indus. Comm.* (1999), 87 Ohio St.3d 113.]

(No. 97–780—Submitted July 28, 1999—Decided October 20, 1999.)

114

*Marchese & Monast, Joseph A. Marchese* and *Thomas J. Marchese,* for appellant.

*Betty D. Montgomery,* Attorney General, and *C. Bradley Howenstein,* Assistant Attorney General, for appellee Industrial Commission.

*Vorys, Sater, Seymour & Pease* and *Bradley K. Sinnott,* for appellee Titanium Metals Corporation.

***Per Curiam.*** Temporary total disability compensation compensates for loss of earnings. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586. Accordingly, TTC is unavailable to one who has returned to work, *i.e.,* is earning wages. Claimant contends that not just any "work" bars TTC but only that which is "substantially gainful employment." Arguing that his labor was neither "substantial" nor "gainful," claimant asserts an entitlement to TTC. We find otherwise.

*Ramirez,* the preeminent TTC case, refers simply to a "return to work," without any qualification to the word "work." R.C. 4123.56(A) mirrors this language. Two cases, however, do employ the phrases "sustained gainful employment" or "substantially gainful employment." Upon review, we find these cases not dispositive.

The first case, *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 614 N.E.2d 1044, cites *Ramirez* and *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125, as supporting "sustained gainful employment" as the standard for TTC termination. Neither *Ramirez* nor *Vulcan Materials,* however, uses that language, destroying *Peabody's* legal foundation.

Claimant also cites *State ex rel. Johnson v. Rawac Plating Co.* (1991), 61 Ohio St.3d 599, 575 N.E.2d 837, focusing on the following language:

"In *State ex rel. Nye v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 22 OBR 91, 488 N.E.2d 867, we held that 'work' as used in *Ramirez* referred to *any* 'substantially gainful employment,' not merely the former position of employment." (Emphasis *sic.*) *Id.* at 600, 575 N.E.2d at 839.

Claimant's interpretation of *Johnson* is too broad as an examination of *Nye* will illustrate. Critical to an understanding of *Nye* is that in that case there was never a question as to the character of claimant's work. *Nye* was clearly engaged in substantially gainful work as a full-time reupholsterer. The issue was whether substantially gainful work other than the former position of employment could be used to terminate TTC.

We held in the affirmative, reasoning that:

"[A contrary decision] would permit the payment of temporary total disability benefits to a claimant who has chosen to return to full-time work at a job other than his former employment. In such a case, the claimant is no longer suffering the loss of earnings for which temporary total disability benefits are intended to compensate. * * *

"In the case at bar, the commission determined that appellee had returned to 'substantially gainful remunerative employment,' *i.e.*, full-time work." 22 Ohio St.3d at 77–78, 22 OBR at 93, 488 N.E.2d at 870.

*Nye* merely confirmed that substantially gainful employment barred TTC. It did not, as claimant represents, create two categories of employment whereby only substantially gainful employment terminated TTC and more sporadic employment did not. Again, *Ramirez* states that a "return to work" bars TTC. In this case, claimant does not dispute that his paid scuba diving instruction constitutes "work."

The more appropriate method of compensating claimants who are unable to return to their former position of employment and are earning less elsewhere is through wage-loss compensation under R.C. 4123.56(B). Claimant appears to be seeking payment of wage-loss compensation from January 6, 1993 through May 2, 1993. R.C. 4123.52, however, forbids the payment of benefits more than two years prior to the request for compensation. Here, wage-loss compensation was requested on May 3, 1995. The commission did not, therefore, abuse its discretion in denying wage-loss compensation prior to May 3, 1993.

We note finally that the court of appeals returned the cause to the commission to consider claimant's wage-loss-compensation eligibility "for any period from two years prior to May 3, 1995." Claimant, however, neither requested, nor alleged an entitlement to, wage-loss compensation after August 18, 1993. Since the

commission already awarded wage-loss compensation from May 3, 1993 through August 18, 1993, we find it unnecessary to return the cause for further consideration of wage-loss-compensation eligibility.

Accordingly, claimant's request for a writ of mandamus is denied. The judgment of the court of appeals denying claimant's request for TTC is affirmed, and the remainder of the judgment is reversed.

*Judgment affirmed in part,*
*reversed in part*
*and writ denied.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

---

**ALICE ROBIE RESNICK, J., dissenting.** I would affirm the judgment of the court of appeals *in toto.*

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.