[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 113.]

THE STATE EX REL. BLABAC, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Blabac v. Indus. Comm*., 1999-Ohio-249.]

*Workers' compensation—Claimant cannot receive temporary total disability compensation when he or she is unable to return to the job at which he or she was injured, but continues to work as a scuba instructor—Industrial Commission does not abuse its discretion in denying application for wage-loss compensation, when.*

(No. 97-780—Submitted July 28, 1999—Decided October 20, 1999.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No.

95APD11-1415.

————————

{¶ 1} Appellant-claimant, John C. Blabac, injured his back in an industrial accident on January 6, 1993 and began receiving temporary total disability compensation ("TTC"). Two months later, it was discovered that claimant was also earning wages as a scuba diving instructor. Claimant's participation was summarized in a surveillance report:

"John [claimant] arrived at 8:25 p.m. wearing gray swimming trunks and carrying a clipboard. It should be noted that during this class, John was observed with a very distinct limp, favoring his left leg. We maintained surveillance until 10:00 p.m., during which time John instructed four males and four females; his partner was also present, doing most of the work. John spent most of his time sitting at the side of the pool with a clipboard, seemingly grading the students. It should also be noted that at no time during the surveillance did we observe John carrying anything heavy.

"As this investigative report indicates, it is obvious that John is currently an

instructor in the scuba diving courses and was actively involved."

{¶ 2} Later, an undercover investigator spoke to claimant:

"During this conversation, John stated that he is the scuba diving instructor; he did indicate that he does have a partner. He stated that he teaches several different courses, basic scuba, advanced courses and underwater 2. He indicated that he is an independent instructor and has been diving since 1971, and in 1975 he was an assistant teacher and was certified in 1978.

"The present class that he was teaching had three students and the fee for his first instructional class is $250.00 per person, lasting ten weeks; the class was held on Tuesday nights between 6:30 p.m. and 10:00 p.m. He also stated that he usually takes every class to South or Central America for their open dive exams; he talked about several different places where he has been diving. John also talked about starting a weekend class this summer, hopefully on Saturdays and Sundays. He did state that his fee may be paid in cash or by check and should be made payable to him. When asked if was going to be putting on tanks and [getting] in the water tonight, he said no, that he had messed up his back and would not be getting in the water on this date."

{¶ 3} The investigation prompted appellee-employer, Titanium Metals Corporation, to seek permission to terminate TTC. A district hearing officer for appellee Industrial Commission of Ohio ruled:

"Pursuant to the employer's surveillance report, claimant's testimony, and *State ex rel. Johnson v. Rawac Plating Co*. (1991), 61 Ohio St.3d 599 [575 N.E.2d 837], the District Hearing Officer finds that claimant has been employed as a scuba instructor for the period 1/6/93 to 8/18/93. As such, the District Hearing Officer finds that claimant has returned to work and was not entitled to temporary total compensation for the period 1/6/93 to 8/18/93. An overpayment is declared for this period."

{¶ 4} After protracted administrative proceedings, the commission affirmed

2

the order of the district hearing officer, writing:

"In addition to the evidence and findings of the DHO, the Commission finds that claimant received temporary total compensation benefits from 1/6/93 through 8/18/93 while he was gainfully employed as a scuba instructor. Although claimant received only a nominal amount of income from his association with PJ's Dive Shop, he was a partner in the scuba instructor end of the business. Therefore, the Commission finds that claimant's work as a scuba instructor is gainful employment. Pursuant to *State ex rel. Johnson v. Rawac Plating Co.* (1991), 61 [Ohio St.]3d 599 [575 N.E.2d 837], the claimant can not receive temporary total disability compensation when he is unable to return to the job at which he was injured, but, he continues to work at his other job.

"It is the order of the Commission that temporary total disability compensation for the period 1/6/93 through 8/18/93 is denied and an overpayment is declared for this period.

"This order is based on the *Johnson* case and claimant's testimony."

{¶ 5} On May 3, 1995, claimant moved the commission for wage-loss compensation from January 6, 1993 through August 18, 1993 — the period over which TTC was deemed improperly paid. The commission denied wage loss from January 6, 1993 through May 2, 1993, based on R.C. 4123.52's two-year statute of limitations. It awarded wage-loss compensation for the remainder of the requested period.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in terminating TTC. The court of appeals disagreed but did issue a limited writ returning the cause to the commission to consider claimant's wage-loss-compensation eligibility "for any period from two years prior to May 3, 1995."

{¶ 7} This cause is now before this court upon an appeal as of right.

———————————

*Marchese & Monast, Joseph A. Marchese* and *Thomas J. Marchese*, for appellant.

*Betty D. Montgomery*, Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellee Industrial Commission.

*Vorys, Sater, Seymour & Pease* and *Bradley K. Sinnot*t, for appellee Titanium Metals Corporation.

_____

*Per Curiam.*

{¶ 8} Temporary total disability compensation compensates for loss of earnings. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586. Accordingly, TTC is unavailable to one who has returned to work, *i.e.,* is earning wages. Claimant contends that not just any "work" bars TTC but only that which is "substantially gainful employment." Arguing that his labor was neither "substantial" nor "gainful," claimant asserts an entitlement to TTC. We find otherwise.

{¶ 9} *Ramirez*, the preeminent TTC case, refers simply to a "return to work," without any qualification to the word "work." R.C. 4123.56(A) mirrors this language. Two cases, however, do employ the phrases "sustained gainful employment" or "substantially gainful employment." Upon review, we find these cases not dispositive.

{¶ 10} The first case, *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 614 N.E.2d 1044, cites *Ramirez* and *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125, as supporting "sustained gainful employment" as the standard for TTC termination. Neither *Ramirez* nor *Vulcan Materials*, however, uses that language, destroying *Peabody's* legal foundation.

{¶ 11} Claimant also cites *State ex rel. Johnson v. Rawac Plating Co.* (1991), 61 Ohio St.3d 599, 575 N.E.2d 837, focusing on the following language:

4

"In *State ex rel. Nye v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 22 OBR 91, 488 N.E.2d 867, we held that 'work' as used in *Ramirez* referred to *any* 'substantially gainful employment,' not merely the former position of employment." (Emphasis *sic*.) *Id*. at 600, 575 N.E.2d at 839.

{¶ 12} Claimant's interpretation of *Johnson* is too broad as an examination of *Nye* will illustrate. Critical to an understanding of *Nye* is that in that case there was never a question as to the character of claimant's work. *Nye* was clearly engaged in substantially gainful work as a full-time reupholsterer. The issue was whether substantially gainful work other than the former position of employment could be used to terminate TTC.

{¶ 13} We held in the affirmative, reasoning that:

"[A contrary decision] would permit the payment of temporary total disability benefits to a claimant who has chosen to return to full-time work at a job other than his former employment. In such a case, the claimant is no longer suffering the loss of earnings for which temporary total disability benefits are intended to compensate. * * *

"In the case at bar, the commission determined that appellee had returned to 'substantially gainful remunerative employment,' *i.e.*, full-time work." 22 Ohio St.3d at 77-78, 22 OBR at 93, 488 N.E.2d at 870.

{¶ 14} *Nye* merely confirmed that substantially gainful employment barred TTC. It did not, as claimant represents, create two categories of employment whereby only substantially gainful employment terminated TTC and more sporadic employment did not. Again, *Ramirez* states that a "return to work" bars TTC. In this case, claimant does not dispute that his paid scuba diving instruction constitutes "work."

{¶ 15} The more appropriate method of compensating claimants who are unable to return to their former position of employment and are earning less elsewhere is through wage-loss compensation under R.C. 4123.56(B). Claimant

appears to be seeking payment of wage-loss compensation from January 6, 1993 through May 2, 1993. R.C. 4123.52, however, forbids the payment of benefits more than two years prior to the request for compensation. Here, wage-loss compensation was requested on May 3, 1995. The commission did not, therefore, abuse its discretion in denying wage-loss compensation prior to May 3, 1993.

{¶ 16} We note finally that the court of appeals returned the cause to the commission to consider claimant's wage-loss-compensation eligibility "for any period from two years prior to May 3, 1995." Claimant, however, neither requested, nor alleged an entitlement to, wage-loss compensation after August 18, 1993. Since the commission already awarded wage-loss compensation from May 3, 1993 through August 18, 1993, we find it unnecessary to return the cause for further consideration of wage-loss-compensation eligibility.

{¶ 17} Accordingly, claimant's request for a writ of mandamus is denied. The judgment of the court of appeals denying claimant's request for TTC is affirmed, and the remainder of the judgment is reversed.

*Judgment affirmed in part,*
*reversed in part*
*and writ denied.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

———————————

**ALICE ROBIE RESNICK, J., dissenting**.

{¶ 18} I would affirm the judgment of the court of appeals *in toto.*

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

———————————