[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 340.]

THE STATE EX REL. PARMA COMMUNITY GENERAL HOSPITAL, APPELLANT, *v.*
JANKOWSKI ET AL., APPELLEES.

[Cite as *State ex rel. Parma Community Gen. Hosp. v. Jankowski*,
2002-Ohio-2336.]

*Workers' compensation—Claimant's activities in a workplace environment do
not preclude temporary total disability compensation benefits, when.*

(No. 2000-1874—Submitted February 26, 2002—Decided May 29, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1352.

_____

PER CURIAM.

{¶1} Appellee-claimant, Cheryl A. Jankowski, hurt her right arm while
working as a nurse for appellant, Parma Community General Hospital ("the
hospital"). A workers' compensation claim was allowed, and temporary total
disability compensation ("TTC") commenced in January 1997.

{¶2} The hospital subsequently received an anonymous letter stating that
claimant was working for her brother at Child Support Advocates ("CSA").
Because she was receiving TTC, the hospital conducted its own investigation and
also forwarded the allegation to the Bureau of Workers' Compensation, which, in
turn, instituted its own inquiry.

{¶3} Both investigations established that claimant had, at various times,
answered the phones and advised clients at CSA. Claimant did not deny these
allegations. Only the frequency of her activity was in dispute.

{¶4} The investigations unearthed no evidence that claimant had received
wages or any other remuneration for her activities. To the contrary, attorney
Michael Dadisman, who cosigned all CSA checks, stated that he never paid her and
was unaware of her ever being paid. Claimant testified that she occasionally went

into CSA's office to assist her brother, who was having personal problems at the time. She also hoped that the experience would complement her recently completed paralegal training, since her doctor had told her she would never return to nursing.

{¶5} Responding to the hospital's motion to terminate TTC, the commission denied the request after finding that claimant had not performed any "work" that would preclude TTC.

{¶6} After unsuccessfully seeking a writ of mandamus from the Court of Appeals for Franklin County, the hospital now appeals to this court as of right.

{¶7} Three key facts are undisputed: (1) claimant, to some degree, answered phones and advised clients at CSA; (2) these activities were not inconsistent with her allegation that she was medically unable to resume her former duties as a nurse; and (3) there was no evidence of wages or other remuneration for these activities. The last two facts raise a question to which the parties, surprisingly, devote little attention: Do a claimant's activities in a workplace environment preclude TTC if (1) the claimant is not being remunerated and (2) the duties are not medically inconsistent with her claim that she could not perform her former position of employment? We find that they do not.

{¶8} TTC is meant to compensate a claimant for the loss of earnings sustained while the injury heals. *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533. For this reason, TTC ceases when a claimant "has returned to work." *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 632, 23 O.O.3d 518, 433 N.E.2d 586.

{¶9} *Ramirez* did not define "work." Later cases, however, suggest that remuneration is a key element. *State ex rel. Nye v. Indus. Comm.* (1986), 22 Ohio St.3d 75, 78, 22 OBR 91, 488 N.E.2d 867, implied that "work" entailed remuneration, and we affirmed that definition in *State ex rel. Johnson v. Rawac Plating Co.* (1991), 61 Ohio St.3d 599, 600-601, 575 N.E.2d 837:

**{¶10}** "In *State ex rel. Nye v. Indus. Comm.* [supra], we held that 'work' as used in *Ramirez* referred to *any* 'substantially gainful employment,' not merely the former position of employment. To hold otherwise:

**{¶11}** " * * * would permit the payment of temporary total disability benefits to a claimant who has chosen to return to full-time work at a job other than his former employment. In such a case, the claimant is no longer suffering the loss of earnings for which temporary total disability benefits are intended to compensate."

**{¶12}** *State ex rel. Blabac v. Indus. Comm.* (1999), 87 Ohio St.3d 113, 717 N.E.2d 336, instructs that the receipt of wages need not be for full-time work in order to bar TTC. There, claimant received TTC while teaching scuba diving for pay on a part-time basis. In disqualifying claimant from TTC, we rejected a proposed distinction between paid part-time and paid full-time employment:

**{¶13}** "*Nye* merely confirmed that substantially gainful employment barred TTC. It did not, as claimant represents, create two categories of employment whereby only substantially gainful employment terminated TTC and more sporadic employment did not. Again, *Ramirez* states that a 'return to work' bars TTC. In this case, claimant does not dispute that his paid scuba diving instruction constitutes 'work.' " Id. at 116, 717 N.E.2d 336.

**{¶14}** These cases establish that remuneration is encompassed within the definition of TTC-prohibitive "work activity." Remuneration, however, was not disputed in those cases, so we were not directly confronted with an issue such as this one. Nevertheless, the guiding principles of those decisions are applicable. All focused on TTC's purpose—compensation for lost earnings. Where remuneration is paid for other work, the claimant does not experience a lack of wages and TTC is, therefore, inappropriate. Conversely, it follows that where there are no outside wages to reduce or eliminate the loss, the purpose of TTC has not been compromised and payment is proper.

**{¶15}** Such a result makes practical sense for two reasons. First, engaging in any potentially remunerative activity would automatically preclude a claimant from receiving TTC. Such a rule could prohibit a TTC claimant from babysitting her grandchildren. It could prohibit a TTC claimant from mowing his lawn. These daily activities are not the type that should disqualify a claimant from receiving TTC *unless* engaging in those activities is physically inconsistent with a claimed inability to return to the former job. If a claimant gets TTC for a back injury and is seen single-handedly pulling out a neighbor's engine block, it matters not whether claimant is doing it for free—TTC is almost certainly inappropriate.

**{¶16}** Second, to hold as the hospital suggests discourages claimants from participating in unpaid internships, apprentice programs, and other opportunities to learn and gain new skills and workplace experience. The instant claimant, for example, testified that she was attempting to gain experience to supplement her paralegal training, since a return to nursing was unlikely. Claimants who show this motivation should be encouraged, not dissuaded, from gaining experience that may ultimately lead to a new career and eliminate the need for TTC.

**{¶17}** In its second, third, and fourth propositions of law, the hospital challenges certain alleged deficiencies in the commission's order. None of these alleged deficiencies affects the hospital's fatal failure to prove remuneration. Again, these matters are irrelevant given the undisputed lack of evidence. Accordingly, they are dismissed as moot.

**{¶18}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., CONCUR.

———————————

Taft, Stettinius & Hollister, L.L.P., and Timothy L. Zix, for appellant.

Seaman & Associates Co., L.P.A., and Angelique M. Hartzell, for appellee Jankowski.

Betty D. Montgomery, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.

_____