THE STATE EX REL. HASSAN ET AL., APPELLEES,
*v.* MARSH BUILDING PRODUCTS, APPELLANT.

[Cite as *State ex rel. Hassan v. Marsh Bldg. Products,*
100 Ohio St.3d 300, 2003-Ohio-6022.]

(No. 2003–0097—Submitted October 7, 2003—Decided November 26, 2003.)

**Per Curiam.**

{¶ 1} Appellee-claimant, Abdikarim Hassan, concedes that ten days after his industrial injury, he voluntarily abandoned his former position of employment with the appellant, Marsh Building Products. Approximately seven weeks later, a temporary employment agency placed claimant with Airborne Express. For the next three weeks, he worked eight, nineteen and one-half, and 24 hours respectively. He allegedly could no longer continue after the third week due to his allowed conditions.

{¶ 2} Evidence establishes that since the summer of 2001, claimant's condition had worsened. Later that year, claimant successfully moved for the additional allowance of "tear of right anterior talofibular ligament, osteochondritis dessicans of right medial talar dome." Surgery was also recommended by two doctors.

{¶ 3} Claimant ultimately moved appellee Industrial Commission of Ohio for temporary total disability compensation ("TTC"). He submitted two C-84 physicians' reports supplemental from his chiropractor, Dr. Bernard J. Miller Jr. The commission, however, never examined these forms. Instead it found that claimant's voluntary departure from his former position of employment foreclosed the need for any such evaluation, as well as any chance of TTC.

{¶ 4} While claimant's mandamus action was pending before the Court of Appeals for Franklin County, *State ex rel. McCoy v. Dedicated Transport, Inc.,* 97 Ohio St.3d 25, 2002–Ohio–5305, 776 N.E.2d 51, was decided. *McCoy* ruled that voluntary abandonment of a job—whether by quitting or getting fired—did not bar TTC if the allowed conditions removed the claimant from later employment.

Id. at syllabus. The court of appeals in the instant case applied *McCoy* and determined that a return to the commission for consideration of the medical evidence was warranted. A limited writ directing that return was accordingly issued.

{¶ 5} This cause is now before this court upon an appeal as of right.

{¶ 6} The commission and employer cumulatively raise three objections to further administrative consideration of TTC entitlement. The employer criticizes the C–84s as too flawed to support payment. The commission joins the employer in asserting that TTC is barred because claimant's medical problems began before he joined Airborne Express. Finally, they propose that claimant's less-than-full-time hours in July 2001 contradict claimant's assertion of a return to work sufficient to trigger *McCoy*.

{¶ 7} The first two arguments are quickly resolved. As to the first, the commission alone evaluates evidence. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Since it has not yet examined the medical evidence, it would be premature for us to do so. As to point two, the employer and the commission contend that unless there is a specific identifiable event *on the later job* that aggravates the original injury, no TTC is payable. This is incorrect, as neither *McCoy* nor *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355, contain this require-ment.

{¶ 8} The final objection to TTC payment involves the extent of claimant's subsequent employment with Airborne Express. In this case, we are persuaded by claimant's assertion that because any employment—no matter how insubstan-tial—bars TTC, see *State ex rel. Blabac v. Indus. Comm.* (1999), 87 Ohio St.3d 113, 717 N.E.2d 336, then any employment should be sufficient to invoke *McCoy*.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Philip J. Fulton Law Office, Jonathan H. Goodman and William A. Thorman III, for appellee Abdikarim Hassan.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission.

Dinsmore & Shohl LLP and Michael L. Squillace, for appellant.