DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Honda of America Manufacturing, Inc. ("Honda"), commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying Honda's motion (1) to declare as an overpayment all temporary total disability compensation paid to respondent, Edith K. Anderson, starting December 20, 2002, and (2) to find Anderson to have fraudulently obtained the compensation. Honda requests a writ that orders the commission to enter an order declaring the overpayment and finding that respondent Anderson fraudulently obtained the compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision the magistrate concluded that Anderson was working during the period in which she received temporary total disability compensation, and so the magistrate declared an overpayment. The magistrate, however, also determined that the commission did not abuse its discretion in concluding Anderson did not fraudulently obtain the compensation. Accordingly, the magistrate determined the court should issue a writ that orders the commission to vacate the January 13, 2004 order of its staff hearing officer and, in a manner consistent with his decision, enter a new order that declares an overpayment of temporary total disability compensation.
 {¶ 3} Honda filed an objection to the magistrate's conclusions of law:
The Magistrate Erred In Concluding That The Industrial Commission Did Not Abuse Its Discretion In Failing to Find That Respondent Edith Anderson committed fraud in securing temporary total disabilitycompensation.
 {¶ 4} In addition, Anderson filed objections to the magistrate's conclusions of law:
OBJECTION No. 1:
The magistrate improperly applied State ex rel. Ford v. Indus. Comm.,
2002-Ohio-7038, in determining that the claimant actively generated revenue and, thus, was engaged in sustained remunerative employment.
OBJECTION No. 2:
The magistrate incorrectly reweighed the evidence reaching different factual conclusions than the commission and improperly assumed that claimant's investment will generate a profit that should be construed as remuneration.
 {¶ 5} Because the objections are interrelated, we address them jointly. Together, they challenge both aspects of the magistrate's decision: (1) its conclusion that Anderson was working during the period in which she received temporary total disability compensation, and (2) its conclusion that Anderson did not fraudulently obtain such compensation.
 {¶ 6} Addressing first the issue of whether Anderson was working during the time period in which she received the disputed compensation, the magistrate concluded Anderson was working and premised his decision on three points. The magistrate first concluded the commission misapplied the Ohio Supreme Court's decision in State ex rel. Ford Motor Co. v.Indus. Comm., 98 Ohio St.3d 20, 2002-Ohio-7038.
 {¶ 7} The parties appear to agree that Ford is the seminal case in determining whether Anderson was working while she was receiving temporary total disability compensation. In Ford, the Supreme Court concluded the claimant there was not working, explaining that "[a]ctivities that are not medically inconsistent * * * bar [temporary total compensation] only when a claimant is remunerated for them." Id. at ¶ 19. Rejecting Ford's contentions under State ex rel. Blabac v. Indus.Comm. (1999), 87 Ohio St.3d 113, that any work precludes temporary total compensation, the court determined that "this claimant's activities did not, in and of themselves, generate income; claimant's activities produced money only secondarily, e.g., claimant signed the paychecks that kept his employees doing the tasks that generated income. Obviously, application of this rationale must be applied on a case-by-case basis and only when a claimant's activities are minimal. A claimant should not be able to erect a façade of third-party labor to hide the fact that he or she is working. In this case, however, claimant's activities were truly minimal and only indirectly related to generating income." (Emphasis sic.) Ford, at ¶ 23-24.
 {¶ 8} The magistrate concluded that, although the claimant in Ford was not generating income by issuing paychecks and refueling lawnmowers used in his lawn service company, Anderson was generating income by, in one instance, operating the cash register in her store. We are unable to see a qualitative difference between the activities of Anderson in this case and the claimant in Ford, perhaps because of the differences in the nature of the two businesses. Indeed, the magistrate's conclusion suggests that, had Anderson been re-supplying shelves in her business, she would not be deemed to be working because her activity would generate money only indirectly but, because she operated the cash register in one instance, she was directly generating income and thus was working. In reality, both the claimant in Ford and Anderson, by providing some service to their respective businesses, eliminated the need for someone else to do so, thereby reducing their expenses and, as a consequence, increasing the likelihood of a profit. Just as the claimant in Ford was not primarily responsible for the actual service rendered in his business, but had employees who handled that aspect of the operations, so Anderson in this case is not primarily responsible for running her business, but has 10 employees who are.
 {¶ 9} Given the foregoing, we are compelled to conclude that the claimant's activities here are not significantly different, in quantity or quality, than those of the claimant in Ford. Accordingly, the commission did not abuse its discretion in so finding.
 {¶ 10} In his second point, the magistrate determined the commission abused its discretion in finding Anderson's lack of wages or income from her business to be dispositive. Unlike the magistrate, we do not interpret the staff hearing officer's order as finding Anderson's lack of income or wages to be determinative. Rather, the staff hearing officer, comparing this case to Ford, noted that the claimant in Ford also was receiving no remuneration for his activities in support of his own business. While Anderson likely anticipates a financial gain of some kind from her enterprise, the claimant in Ford must also have looked forward to income from his business. Thus the commission did not abuse its discretion in considering the lack of remuneration in this case, especially in light of the Supreme Court's statement in Ford that activities not medically inconsistent with temporary total compensation bar such compensation only when a claimant is remunerated for them.
 {¶ 11} The magistrate's third point concludes the commission incorrectly found Anderson to be credible when she stated she went to the store about three times per month. Although acknowledging the commission properly may construe the evidence, the magistrate determined that "[t]o conclude that the surveillance evidence is consistent with Anderson's testimony, one must ignore the high improbability of coincidence. Anderson was observed going to her store on each of the five days that surveillance was conducted. Indeed it is highly improbable that Anderson's testimony is credible if the surveillance evidence is accepted." (Magistrate's Decision, at ¶ 62.) Noting also that the surveillance was not for three months but two, the magistrate determined the commission erred in finding that Anderson's customer service was minimal.
 {¶ 12} The evidence on which the magistrate relies is susceptible of more than one interpretation. The commission could have viewed it in the manner Honda posits and the magistrate construed it, but the commission, accurately reciting the facts, chose to construe the evidence as it did. While the magistrate correctly notes that the period of surveillance was something less than three full months, the period nonetheless exceeded two months. Indeed, because of the time frame for which the surveillance occurred, the commission was correct in concluding that it touched on three separate months, April, May and June. As a result, when Anderson stated she was at the store only about three times per month, the staff hearing officer concluded her testimony was consistent with the number of the times she was shown to be at the store each month touched on in the investigation report. The evidence thus is susceptible of the interpretation the commission ascribed to it, and the commission did not abuse its discretion in its interpretation of that evidence.
 {¶ 13} For the above reasons, we sustain Anderson's objections to the magistrate's decision.
 {¶ 14} The second issue the magistrate addressed was whether Anderson fraudulently obtained the compensation at issue. The determination hinged on evidence before the commission that Anderson, shortly after she opened her store, informed her rehabilitation case manager that she had done so. As the magistrate notes, Anderson's testimony was corroborated in a September 3, 2003 letter from Bettye Hayworth-Colbert, R.N., who was Anderson's rehabilitation case manager.
 {¶ 15} As the parties agree, intent is the key issue in assessing whether Anderson fraudulently obtained the compensation. The commission concluded Anderson did not, finding that Anderson did not believe what she did regarding her own business was work or employment. In support, the commission noted that she notified her case manager of the business and the possibility she might be doing minimal activities in support of her business. The staff hearing officer concluded that, "[i]f the claimant considered such to be working or employment, it is doubtful she would have notified the employer's agent that she was doing it. This indicates the claimant did not have any intent to commit fraud, and that she did not make any representation that was false." (Staff Hearing Officer's Order, 3.) Honda, on the other hand, contends that, because the notice did not accurately depict all that Anderson would do for her business, it is evidence of an intent to defraud.
 {¶ 16} As the magistrate properly concludes, the commission's duty included weighing the evidence, and particularly so the evidence on the issue of intent to commit fraud. Even though, as the magistrate acknowledges, some evidence could support a finding of fraud, the issue is whether some evidence supports the staff hearing officer's determination that compensation was not fraudulently obtained. Because the evidence is subject to such construction, the commission did not abuse its discretion in finding no fraud. Honda's objection to the magistrate's decision is overruled.
 {¶ 17} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts, and we adopt them as our own. For the reasons set forth in this decision, we reject the magistrate's conclusions of law that determined Anderson was working while she was receiving temporary total disability compensation. We, however, adopt the magistrate's conclusions of law that concluded the commission did not abuse its discretion in determining Anderson did not fraudulently obtain the temporary total disability compensation at issue. Accordingly, we deny the requested writ of mandamus.
Relator's objection overruled; respondent-claimant's objectionssustained; writ denied.
McCormac, J., concurs.
Sadler, J., concurs in part and dissents in part.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.