DECISION
{¶ 1} Relator, Olivia Kemp ("relator" or "claimant"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial *Page 2 
Commission of Ohio ("commission"), to vacate its order that denied her temporary total disability ("TTD") compensation and denied her request for further TTD compensation and ordering the commission to find that she is entitled to that compensation.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant relator's request for a writ of mandamus. (Attached as Appendix A.) Relator, the commission, and Warrensville Developmental Center ("WDC"), respondent, have each filed objections to the magistrate's decision.
 {¶ 3} The commission and WDC first argue that the Bureau of Workers' Compensation ("BWC") policy cited by the magistrate is not applicable to the present case, and that, nevertheless, the guidelines are not binding upon the commission. The BWC policy cited by the magistrate relates to foster care, and provides that foster care maintenance payments cover costs for items such as food, clothing, travel, and liability insurance and do not constitute wages or income for an individual receiving such and do not affect the payment of TTD. However, even if BWC policies constitute mere non-binding guidelines, and the BWC policy does not apply directly to the facts of the present case, we do agree with the magistrate that the cited BWC policy may at least bear an analogous relationship to the present circumstances, in which a claimant is receiving county payments for the care of a disabled adult, as further detailed below.
 {¶ 4} The commission and WDC further contend that, contrary to the magistrate's findings, the receipt of income is relevant for determining the appropriateness of TTD. TTD compensation is prohibited to one who has returned to work. R.C. 4123.56(A); State *Page 3 ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630. "Work" is not defined for workers' compensation purposes, however, the Ohio Supreme Court has held that any remunerative activity outside the former position of employment precludes TTD. State ex rel. Nye v. Indus.Comm. (1986), 22 Ohio St.3d 75, 78. Activities medically inconsistent with the alleged inability to return to the former position of employment also bar TTD, regardless of whether the claimant is paid.State ex rel. Parma Community Gen. Hosp. v. Jankowski,95 Ohio St.3d 340, 2002-Ohio-2336, at ¶ 15. Activities that are not medically inconsistent, however, bar TTD only when a claimant is remunerated for them. Id., at ¶ 14-15.
 {¶ 5} Although Ramirez did not define "work," later cases do suggest that remuneration is one key element. See, e.g., Nye, supra, andState ex rel. Johnson v. Rawac Plating Co. (1991), 61 Ohio St.3d 599. These cases establish that remuneration is encompassed within the definition of TTD-prohibitive "work activity." State ex rel. ParmaCommunity Gen. Hosp., supra, at ¶ 14. Further, in State ex rel. Blabacv. Indus. Comm. (1999), 87 Ohio St.3d 113, the court determined that the receipt of wages does not need to be for full-time work in order for TTD compensation to be barred. The court reiterated that Ramirez provides that a return to even part-time work bars the payment of TTD compensation.
 {¶ 6} TTD's purpose is compensation for lost earnings. State ex rel.Parma Community Gen. Hosp., supra, at ¶ 14. Where remuneration is paid for other work, the claimant does not experience a lack of wages and TTD is, therefore, inappropriate. Id. Conversely, it follows that where there are no outside wages to reduce or eliminate the loss, the purpose of TTD has not been compromised and payment is proper. Id. *Page 4 
 {¶ 7} After reviewing the above case law, we agree with the magistrate that the Staff Hearing Officer's sole basis for finding claimant was not entitled to TTD, because she had received "income," does not adequately address the issue or automatically preclude TTD. Although "remuneration" is a key component to determining whether a claimant is performing "work," the issues pertinent to the present claimant's specific situation have not been addressed. What must be considered is whether claimant is performing work and whether the county payments received by claimant are in the nature of compensation to claimant for caring for the disabled adult or more in the nature of the type of payments made for foster care maintenance to "cover costs" for items for the disabled adult, such as food, clothing, travel, and liability insurance. If the county payments received by claimant are meant to solely benefit the disabled adult and pay the living expenses of the disabled adult, they could hardly be considered wages, income, or compensation to claimant, and claimant's care could not be termed remunerative or work activity. We are also not persuaded by WDC's bald contention that the payments for foster care maintenance and those for caring for a disabled adult cannot be analogous because a disabled adult necessarily requires more care than foster children. The record is wholly devoid of any facts as to the identity of the disabled adult, the level of disability of the adult, or what relator's care of the disabled adult entails. We also note, as did the magistrate, that, regardless of whether such county payments should constitute remuneration for work, whether such activities constituted work medically inconsistent with the alleged inability to return to the former position of employment was never addressed by the commission. Therefore, we find the commission's and WDC's objections without merit and overrule the same. We also overrule relator's objection, in *Page 5 
which she argued that this court should order payment of TTD to her without remanding the matter. We agree with the magistrate that the best course is for the commission to reconsider the matter, develop the facts, and properly address the relevant factors discussed above to determine relator's eligibility for TTD compensation.
 {¶ 8} After an examination of the magistrate's decision, an independent review of the evidence pursuant to Civ.R. 53, and due consideration of relator's, the commission's, and WDC's objections, we overrule the objections. Accordingly, we adopt the magistrate's decision as our own with regard to the findings of fact and conclusions of law, and we grant relator's request for a writ of mandamus ordering the commission to vacate its order which denied and terminated relator's TTD compensation, and ordering the commission to reconsider the matter and properly address the relevant factors to determine relator's eligibility for TTD compensation.
Objections overruled; writ of mandamus granted.
 BRYANT and KLATT, JJ., concur. *Page 6 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 9} Relator, Olivia Kemp, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio *Page 7 
("commission") to vacate its order which terminated her temporary total disability ("TTD") compensation and denied her request for further TTD compensation and ordering the commission to find that she is entitled to that compensation.
Findings of Fact: {¶ 10} 1. Relator sustained a work-related injury on November 23, 2000, and her claim has been allowed for "sprain of neck; sprain thoracic region; sprain lumbosacral; contusion left knee; sprain bilateral shoulder/arms."
 {¶ 11} 2. On March 17, 2005, relator filed a request seeking TTD compensation beginning September 9, 2004 and continuing to an estimated return-to-work date of May 9, 2005. Apparently, relator was involved in an incident on September 5, 2004, which exacerbated the conditions allowed in her claim.
 {¶ 12} 3. Relator's March 17, 2005 request for TTD compensation was heard before a district hearing officer ("DHO") on May 11, 2005, and resulted in an order granting that request:
 It is the order of the District Hearing Officer that the C-84 Request For Temporary Total Compensation filed by Injured Worker on 03/17/2005 is granted to the extent of this order.
 Authorization is granted for temporary total compensation from 09/09/2004 through the present, and to continue upon proof; less sick and accident benefits paid. The Hearing Officer finds that the incident of 09/05/2004 exacerbated the injuries allowed in this claim. Refer file to the Bureau of Workers' Compensation for an exam on extent of disability.
 This order is based on the records of Dr. Waldbaum.
 {¶ 13} 4. On July 5, 2005, relator filed a new motion for TTD compensation for an unspecified period of time. *Page 8 
 {¶ 14} 5. On July 6, 2005, the Ohio Bureau of Workers' Compensation ("BWC") filed a motion seeking to terminate relator's TTD compensation presumably on grounds that the condition had reached maximum medical improvement ("MMI").
 {¶ 15} 6. The motions were heard before a DHO on September 14, 2005. The DHO granted relator's request for TTD compensation and yet found that no TTD compensation was payable. Further, the DHO found that the BWC motion was moot. Specifically, the DHO stated:
 The District Hearing Officer finds that after 2/04, no temporary total disability is payable in this claim, as claimant received compensation from the County for caring for a disabled adult since 2/04. Further, claimant testified she returned all warrants issued after 2/04 and never collected temporary total disability compensation after 2/04.
 Additionally, the District Hearing Officer finds the issue of termination of temporary total disability compensation is therefore moot, as temporary total disability compensation was not collected and claimant returned to work 7-25-05, per her testimony.
 {¶ 16} 7. Relator filed an appeal which was heard before a staff hearing officer ("SHO") on December 16, 2005. The SHO vacated the prior DHO's order but denied relator's appeal. Specifically, the SHO found:
 Staff Hearing Officer finds that injured worker has been receiving funds from the County since February 2004 for caring for a disabled adult. Staff Hearing Officer further finds that these funds are income and injured worker is not entitled to temporary total disability compensation. Any overpayment of compensation is to be recouped pursuant to Ohio Revised Code 4123.511(J).
 Staff Hearing Officer finds that Bureau of Workers['] Compensation request to terminate temporary total disability compensation is moot as injured worker has not collected *Page 9 
temporary total disability compensation and return[ed] to work on 07/25/05.
 {¶ 17} 8. Relator's further appeal was refused by order of the commission mailed December 30, 2005.
 {¶ 18} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 20} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the *Page 10 
former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A);State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630.
 {¶ 21} In this mandamus action, relator contends that the commission abused its discretion by denying her TTD compensation on grounds that she was receiving "income." The record indicates that, since February 2004, relator had been caring for a disabled adult in her home. Relator received funds while caring for this person.
 {¶ 22} The commission and Warrensville Developmental Center ("employer") argue that, in reality, the commission found that relator was working and, therefore, denied her TTD compensation. They argue that relator's act of caring for a disabled adult in her home and her receipt of funds relative to that service, constitute work for which she was paid during the time period in question.
 {¶ 23} At the December 16, 2005 hearing, relator submitted the following BWC policy:
Foster Care
 According to ORC 5101.141(B)(1)(a)-(3) counties may authorize foster care maintenance payments to "cover costs" for items such as food, clothing, travel and liability insurance. This may be considered wages and would affect payment of TT/LM if payments are made to an individual operating a foster care institution.
 According to ORC 3119.01(C)(7)(f) foster care maintenance payments are not to be included in the calculation of gross income for child support purposes, which further indicates that such payments are not wages. This is not considered wages and will not affect payment of TT/LM. *Page 11 
 The CSS [claims services specialist] will have to find out which type of maintenance payments are being paid prior to deciding how TT/LM payments are affected.
 {¶ 24} Relator points out that the commission failed to follow BWC policy and never addressed the issues raised in that policy.
 {¶ 25} The problem with this case is that the commission speaks only through its orders. The argument that the SHO actually meant that relator was working or performing sustained remunerative employment and denied her TTD compensation on that basis is questionable. The only finding the SHO made was that relator had been caring for a disabled adult since February 2004 and the funds she received constituted income thereby disqualifying her from receiving TTD compensation. Neither of these constitute grounds to deny TTD compensation. Also, the commission and employer assert that the act of caring for a disabled adult is precisely the same type of work which relator was performing at the time she was injured. The stipulated record in this case does not clearly establish what relator's job duties were at the time she sustained her work-related injuries. However, in all likelihood, her job would have involved caring for many individuals at different levels of care and likely involved additional services which relator might not be performing at home currently. If the commission and the employer are correct, perhaps the SHO meant to indicate that since relator was performing the same duties as her former job, she was capable of returning to that employment and therefore not entitled to TTD compensation. Further, the commission never addressed the BWC's policy regarding foster care maintenance payments in determining whether relator was actually receiving income. The commission's order simply is not clear and the conclusory statement that the funds she was receiving constituted "income" does not *Page 12 
definitively answer the question. As such, it is this magistrate's conclusion that relator is entitled to a writ of mandamus and that this matter should be returned to the commission for proper consideration and TTD compensation either granted or denied based upon the proper factors.
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that this court should issue a writ of mandamus ordering the commission to vacate its order which denied and terminated relator's TTD compensation, and ordering the commission to reconsider the matter and properly address the relevant factors to determine relator's eligibility for TTD compensation.
 *Page 1